1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    GREG L. JOHNSON (SBN 132397)
2   greg.johnson@pillsburylaw.com
    DAVEED A. SCHWARTZ (SBN 200046)
3   daveed.schwartz@pillsburylaw.com
    DARCY L. MUILENBURG (SBN 233787)
4   darcy.muilenburg@pillsburylaw.com
    400 Capitol Mall, Suite 1700
5   Sacramento, CA  95814-4419
    Telephone:    (916) 329-4700
6   Facsimile:    (916) 441-3583

7   Attorneys for Defendant
    BORDERS, INC.

8

9                 UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11   _____

12   AMANDA RUDD for herself and All Others          ) Case No. 3:09-cv-00832-BTM-NLS
     Similarly Situated,                             )
13                                                    ) MEMORANDUM OF POINTS AND
                                                      ) AUTHORITIES IN SUPPORT OF
14                    Plaintiff,                      ) DEFENDANT BORDERS, INC.'S MOTION
                                                      ) TO DISMISS PLAINTIFF'S COMPLAINT
15       vs.                                          )
                                                      ) Date:       Friday, June 19, 2009
16   BORDERS, INC. and DOES 1 through 20,            ) Time:       11:00 a.m.
     inclusive.                                       ) Courtroom:  15
17                                                    ) Judge:      Hon. Barry Ted Moskowitz
                      Defendants.                     )
18                                                    ) *[Per Chambers, no oral argument unless
                                                      ) requested by the Court]*
19   _____

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

Page

3  I.    INTRODUCTION. ........................................................................................1

4  II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTUAL
5        BACKGROUND. ......................................................................................1

6        A.    Plaintiff's allegations. ................................................................1

7        B.    Facts presented pursuant to Fed. R. Civ. p. 12(b)(1). ...........................2

8        C.    Plaintiff's near-identical cash redemption claims against American
              Express. ....................................................................................3

9  III.  LEGAL STANDARDS APPLICABLE TO RULE 12(b)(1) AND 12(b)(6)
10       MOTIONS. ................................................................................................3

11       A.    Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. ..............3

12       B.    Rule 12(b)(6) motion to dismiss for failure to state a claim...............................4

13  IV.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE
         12(b)(1) ON THE GROUND THAT SHE FAILS TO ALLEGE "INJURY IN
14       FACT" AS REQUIRED TO ESTABLISH ARTICLE III CONSTITUTIONAL
         STANDING. ..............................................................................................5

15       A.    Plaintiff's first cause of action is limited to the UCL's "unlawful" prong. ...........6

16       B.    Because Civil Code section 1749.5(b)(1) does not require cash
17             redemption, Plaintiff fails to state a claim under the UCL's "unlawful"
               prong. ......................................................................................7

18       C.    It is apparent that Plaintiff's Complaint must be dismissed when the
19             applicable statutory framework is correctly understood. ......................9

20             1.    Standards governing statutory construction. ..............................9

21             2.    The plain language of subsection (b)(1), together with Cal.
                     Civ. Code section 1448, gives retailers the option whether to
22                   redeem a gift card for cash or to replace it. ...........................10

23             3.    Under section 1749.5(b)(2), cardholders only have the right to cash
                     redemption if their gift cards have a cash value of less than $10...........11

24             4.    The legislative history of subsections (b)(1) and (2) confirms that
                     Plaintiff has no right to cash redemption under subsection (b)(1)
25                   relative to her $20 gift card. ..............................................11

26             5.    Reason, practicality and common sense support interpreting
27                   section 1749.5(b)(1) as not requiring cash redemption for all gift
                     cards.........................................................................................15

28       D.    Plaintiff fails to state a claim under the UCL's "unfair" prong...........................15

TABLE OF CONTENTS (cont.)

Page

1

2      E.      Plaintiff fails to state a claim under the UCL's "fraudulent" prong. ................... 16

3      F.      Plaintiff lacks standing under any UCL theory because she fails to allege
               facts sufficient to demonstrate "injury in fact" or "lost money or property." ..... 17
4
   V.  THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR
5      FAILURE TO STATE A CLAIM. ................................................................................ 20

6      A.      Plaintiff's allegations do not state a claim for relief under the UCL. ................. 20

7              1.      Plaintiff's allegations do not state a claim for unlawful business
                       practices. ................................................................................................. 20
8
               2.      Plaintiff fails to state a claim for unfair business practices. ................... 21
9
               3.      Plaintiff fails to state a claim for fraudulent business practices. ............ 21
10
       B.      Plaintiff fails to state a claim for unjust enrichment. .......................................... 22
11
   VI. CONCLUSION. ............................................................................................................. 22
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

Page(s)

3

### Cases

4

Balistreri v. Pacifica Police Dep't,
  901 F.2d 696 (9th Cir. 1990) ...................................................................................5

5

Bardin v. DaimlerChrysler Corp.,
  136 Cal. App. 4th 1255 (2006) ...............................................................................15

6

Barratt Am., Inc. v. City of Rancho Cucamonga,
  37 Cal. 4th 685 (2005) ............................................................................................13

7

8

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) .............................................................................................5, 21

9

Buckland v. Threshold Enters. Ltd.,
  155 Cal. App. 4th 798 (2007) ......................................................................18, 19, 20

10

Cal. Ass'n of Psychology Providers v. Cal. Hosp. Ass'n,
  51 Cal. 3d 1 (1990) ..................................................................................................13

11

12

Caro v. Proctor & Gamble Co.,
  18 Cal. App. 4th 644 (1993) ....................................................................................17

13

Cattie v. Wal-Mart Stores, Inc.,
  504 F. Supp. 2d 939 (S.D. Cal. 2007) .......................................................4, 5, 19, 20

14

15

Cel-Tech Communications v. Los Angeles Cellular Telephone Co.,
  20 Cal. 4th 163 (1999) ............................................................................................16

16

Conley v. Gibson,
  355 U.S. 41 (1957) ....................................................................................................5

17

18

Dinosaur Dev., Inc. v. White,
  216 Cal. App. 3d 1310 (1989) .................................................................................22

19

Epstein v. Wash. Energy Co.,
  83 F.3d 1136 (9th Cir. 1996) ....................................................................................5

20

21

Glass v. Nat'l R.R. Passenger Corp., et al.,
  570 F. Supp. 2d 1180 (C.D. Cal. 2008) ....................................................................1

22

Halberts Lumber, Inc. v. Lucky Stores, Inc.,
  6 Cal. App. 4th 1233 (1992) .....................................................................................9

23

24

Hall v. Time, Inc.,
  158 Cal. App. 4th 847 (2008) ..................................................................................18

25

Herman v. Los Angeles County Metropolitan Transportation Authority,
  71 Cal. App. 4th 819 (1999) ................................................................................9, 15

26

27

Hoechst Celanese Corp. v. Franchise Tax Bd.,
  25 Cal. 4th 508 (2001) ..............................................................................................9

28

- iii -

TABLE OF AUTHORITIES (cont.)

Page(s)

Korea Supply v. Lockheed Martin Corp.,
   29 Cal. 4th 1134 (2003)..................................................................................................18

Laster v. T-Mobile USA, Inc.,
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) ...........................................................................18

Lazar v. Hertz Corp.,
   69 Cal. App. 4th 1494 (1999)..........................................................................................16

Lectrodryer v. Seoulbank,
   77 Cal. App. 4th 723 (2000)............................................................................................22

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992) ..........................................................................................................3

Mitchell v. National Auto. & Casualty Ins. Co.,
   38 Cal. App. 3d 599 (1974)...............................................................................................6

Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.,
   984 F.2d 821 (7th Cir. 1993)..............................................................................................1

Pac. Lumber Co. v. State Water Res. Control Bd., 37 Cal. 4th 921 (2006)................................14

Parks Sch. of Bus. v. Symington,
   51 F.3d 1480 (9th Cir. 1995)..............................................................................................4

Parrish v. National Football League Players Ass'n,
   534 F. Supp. 2d 1081 (N.D. Cal. 2007)...........................................................................22

Payne v. United Cal. Bank,
   23 Cal. App. 3d 850 (1972).............................................................................................17

People v. Cruz,
   13 Cal. 4th 764 (1996).......................................................................................................9

Roberts v. Corrothers,
   812 F.2d 1173 (9th Cir. 1987)............................................................................................4

Safe Air v. Meyer,
   373 F.3d 1035 (9th Cir. 2004)............................................................................................4

San Bernardino Valley Water Dev. Co. v. San Bernardino Valley Mun. Water Dist.,
   236 Cal. App. 2d 238 (1965)...........................................................................................10

Sayyadinejad v. Chertoff,
   No. 07cv0631, 2007 U.S. Dist. LEXIS 92314, at *3 (S.D. Cal. Dec. 14, 2007 .......................4

Schnall v. Hertz Corp.,
   78 Cal. App. 4th 1144 (2000)..........................................................................................16

Scott v. Breeland,
   792 F.2d 925 (9th Cir. 1986)..............................................................................................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF AUTHORITIES (cont.)

Page(s)

Shvarts v. Budget Group., Inc.,
 81 Cal. App. 4th 1153 (2000)................................................................17

Simon v. E. Ky. Welfare Rights Org.,
 426 U.S. 26 (1976).................................................................................4

Suman v. BMW of North America, Inc.,
 23 Cal. App. 4th 1 (1994).......................................................................9

Thornhill Publ'n Co., Inc. v. Gen. Tel. & Elecs. Corp.,
 594 F.2d 730 (9th Cir. 1979)..............................................................3, 4

Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.,
 454 U.S. 464 (1982)...............................................................................4

Van Horn v. Watson,
 45 Cal. 4th 322 (2008 ).....................................................................8, 11

Van Ness v. Blue Cross of Cal.,
 87 Cal. App. 4th 364 (2001)................................................................17

Walker v. GEICO General Ins. Co.,
 558 F.3d 1025 (9th Cir. 2009).............................................................18

Walker v. USAA Casualty Ins. Co.,
 474 F. Supp. 2d 1168 (E.D. Cal. 2007)................................................18

Warth v. Seldin,
 422 U.S. 490 (1975)...............................................................................3

Weisbuch v. County of Los Angeles,
 119 F.3d 778 (9th Cir. 1997)...............................................................21

Constitution

United States Constitution
 Article III ................................................................................... passim

Statutes and Codes

California Business and Professions Code
 Section 17200 ............................................................................. passim

California Business and Professions Code
 Section 17203 ......................................................................................18

California Business and Professions Code
 Section 17204 ...............................................................................17, 19

California Business and Professions Code
 Section 17500 ........................................................................................6

California Business and Professions Code
 Section 17535 ......................................................................................19

TABLE OF AUTHORITIES (cont.)

Page(s)

1    California Business and Professions Code
        Section 17577 ................................................................................................................6
2

3    California Civil Code
        Section 1448 ...............................................................................................8, 10, 11, 14
4

5    California Civil Code
        Section 1749.45 ............................................................................................................2

6    California Civil Code
        Section 1749.5 ..................................................................................................... passim
7

8    California Civil Code
        Section 1749.5(a) ..........................................................................................................7

9    California Civil Code
        Section 1749.5(b)(2) ............................................................................................ passim
10

     California Code of Civil Procedure
11        Section 1858 .............................................................................................................8, 11

12   California Code of Civil Procedure
        Section 1859 ................................................................................................................9
13

                            Rules and Regulations
14

     Federal Rule of Civil Procedure 12(b)(1) ............................................................... passim
15

     Federal Rule of Civil Procedure 12(b)(6) ............................................................... passim
16

                              Other Authorities
17

     William L. Stern, Cal. Practice Guide:  Cal. Bus. & Prof. Code § 17200
18       (The Rutter Group 2008) ¶ 7:22.2 ...........................................................................19

19

20

21

22

23

24

25

26

27

28

1    I.        INTRODUCTION.

2          Plaintiff Amanda Rudd ("Plaintiff") claims an unconditional right under California law

3    to redeem for cash a gift card issued by Defendant Borders, Inc. ("Borders"), regardless of the

4    gift card's balance.  Yet, California law – including California Civil Code section 1749.5(b)(1),

5    and California Business and Professions Code section 17200 (the "Unfair Competition Law" or

6    "UCL") – does not under any circumstances require a retailer to redeem for cash a gift card that,

7    as here, has a balance of $10 or more.  Thus, Plaintiff's entire action is premised on a purported

8    statutory violation that is not a violation at all.

9          Plaintiff alleges violations of California Business and Professions Code section 17200

10   and an unjust enrichment claim.  She alleges, in particular, that by violating Civil Code section

11   1749.5(b)(1), Borders has violated the UCL's "unlawful" prong.  However, as demonstrated

12   herein, any failure by Borders to redeem Plaintiff's $20 gift card balance for cash would be

13   entirely lawful.  Furthermore, because Plaintiff cannot personally allege any viable cause of

14   action against Borders, her effort to assert claims on behalf of an alleged class of "all other

15   customers who received Borders Gift Cards not redeemable for cash" must also fail.

16         As set forth below, the entire Complaint should be dismissed with prejudice under Fed.

17   R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, inter alia, on the ground that Plaintiff

18   cannot personally demonstrate injury in fact sufficient to establish the existence of a case or

19   controversy as required by Article III of the United States Constitution.  Alternatively, under

20   Fed. R. Civ. P. 12(b)(6), the entire Complaint should be dismissed for failure to state a claim.

21   II.       SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND.

22             A.        Plaintiff's allegations.

23         Plaintiff filed her Complaint in this action on March 19, 2009.[1]  She alleges that

24   "[w]ithin the past four (4) years prior to the time this action was commenced," Borders has

25   _____

26   [1]   On April 21, 2009, Defendant removed Plaintiff's action from San Diego County Superior
      Court to this Court.  See Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.,
27   984 F.2d 821, 822 (7th Cir. 1993) ("[E]ven the party which invoked federal jurisdiction may
      later challenge it . .  ."); accord Glass v. Nat'l R.R. Passenger Corp., et al., 570 F. Supp. 2d
28   1180, 1181 (C.D. Cal.  2008).

1    offered for sale "Gift Cards" that provide, in part:  "Gift Card is redeemable for retail

2    merchandise only at U.S. Borders, Waldenbooks and Brentano's stores . . . .  Not returnable or

3    redeemable for cash."  Compl. ¶ 4.  Plaintiff selectively quotes a portion of California Civil

4    Code section 1749.5(b)(1), as follows:  "Any Gift Certificate[2] . . . is redeemable in cash for its

5    cash value . . . ."[3]  <u>Id.</u> ¶ 6.

6           Plaintiff claims that, at some unspecified time "[w]ithin the past four (4) years," she

7    "received a Borders Gift Card as a gift."  <u>Id.</u> ¶ 5.  Plaintiff's claimed gift card does not bear an

8    expiration date.[4]  Plaintiff further alleges that she "desired to redeem the card for cash instead of

9    shopping at Borders stores, but in reading the Borders card noted that it could not be redeemed

10   for cash."  <u>Id.</u>  Thus, this entire action rests upon Plaintiff's claim that she merely "noted" to

11   herself that her gift card "could not be redeemed for cash," and upon her fundamental

12   misinterpretation of section 1749.5(b)(1) as requiring cash redemption with respect to her

13   particular gift card.  Plaintiff nevertheless purports to bring this action on behalf of herself and

14   "all other customers who received Borders Gift Cards not redeemable for cash."  <u>Id.</u> ¶ 7.

15          B.      <u>Facts presented pursuant to Fed. R. Civ. p. 12(b)(1).</u>[5]

16          Plaintiff's claimed gift card was purchased on March 7, 2009, at a Borders store in

17   National City, California.  Declaration of Rex Spouts ("Spouts Decl.") ¶¶ 3, 4(a).  Her claimed

18   gift card was activated upon purchase with a balance of $20, and was non-reloadable.  <u>Id.</u> ¶ 4(b).

19   Borders' records do not indicate the identity of the gift card's purchaser.  <u>Id.</u> ¶ 5.  The gift card's

20   balance was checked by telephone on March 17, 2009; <u>i.e.</u>, just two days before Plaintiff filed

21   this action.  <u>Id.</u> ¶ 4(c).  As of that date, the gift card's balance was still $20.  <u>Id.</u>  Borders'

22   records do not indicate the identity of the person who checked the gift card's balance.  <u>Id.</u> ¶ 5.

23   As of May 6, 2009, the gift card's balance remained at $20.  <u>Id.</u> ¶ 4(d).

24   _____

[2]    Under California Civil Code section 1749.45, the term "gift certificate" includes "gift card."

25   [3]    As explained in Parts IV(B) and (C), section 1749.5(b)(1) does not require cash redemption

26   on demand.

[4]    <u>See</u> Borders' Request for Judicial Notice ("RJN") Exh. C.

27   [5]    Borders makes a factual attack on the pleadings as permitted under Rule 12(b)(1) and,

28   therefore, submits evidence in support of its Rule 12(b)(1) motion.

1      C.      Plaintiff's near-identical cash redemption claims against American Express.

2          Just seven days after Plaintiff filed this action, she filed a strikingly similar gift card

3   class action in San Diego Superior Court against American Express Travel Related Services

4   ("American Express").  RJN Exh. D.  Plaintiff's complaint against American Express contains

5   cash redemption allegations virtually identical to those she has alleged here; i.e., that "[w]ithin

6   the past four (4) years" she "received a [gift card] as a gift," that the gift card was "[n]ot

7   redeemable for cash," and that she "desired to redeem the card for cash, but that in reading the

8   card noted that it could not be redeemed for cash." Id. ¶ 6.

9   III.    LEGAL STANDARDS APPLICABLE TO RULE 12(b)(1) AND 12(b)(6) MOTIONS.

10      A.      Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

11          In a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the

12   plaintiff bears the burden of proving that the court has jurisdiction to decide the claim.

13   Thornhill Publ'n Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979);

14   accord Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  A plaintiff in federal court who

15   asserts claims under California law must satisfy the requirements of Article III of the United

16   States Constitution including the "case or controversy" requirement.  See, e.g., Warth v. Seldin,

17   422 U.S. 490, 498 (1975) ("[A] threshold question in every federal case [is] whether the

18   plaintiff has stated a 'case or controversy' between himself and the defendant within the

19   meaning of Article III").  To demonstrate constitutional standing, a plaintiff must have alleged

20   (1) that he or she suffered an injury in fact; (2) a causal connection between the injury and the

21   conduct complained of – that the injury is fairly traceable to the challenged action of the

22   defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be

23   redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61

24   (1992).  An "injury in fact" under the first prong is "an invasion of a legally protected interest

25   which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or

26   hypothetical."  Id. at 560 (internal citations and quotations omitted) ("By particularized, we

27

28

1   mean that the injury must affect the plaintiff in a personal and individual way").[6]  To the extent

2   state law does not recognize Plaintiff's standing, she lacks a "legally protected interest" and,

3   therefore, lacks Article III standing.  See, e.g., Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d

4   939, 943, 947 (S.D. Cal. 2007) ("[T]o the extent Plaintiff has suffered no injury under state law,

5   she also lacks standing under federal law").

6          A motion to dismiss for lack of subject matter jurisdiction may be "facial or factual."

7   See, e.g., Sayyadinejad v. Chertoff, No. 07cv0631, 2007 U.S. Dist. LEXIS 92314, at *3 (S.D.

8   Cal. Dec. 14, 2007) (citing Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).  In a

9   factual attack on the pleadings, as here, "the challenger disputes the truth of the allegations"

10  with "evidence extrinsic to the complaint," and "the party opposing the motion must furnish

11  affidavits or other evidence necessary to satisfy its burden of establishing subject matter

12  jurisdiction."  Safe Air, 373 F.3d at 1039 (internal citations omitted); Sayyadinejad, 2007 U.S.

13  Dist. LEXIS 92314, at *4; see also Thornhill Publ'n Co., 594 F.2d at 733 ("Where the

14  jurisdictional issue is separable from the merits of the case, the judge may consider the evidence

15  presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes

16  if necessary. . . . 'No presumptive truthfulness attaches to plaintiff's allegations, and the

17  existence of disputed material facts will not preclude the trial court from evaluating for itself the

18  merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that

19  jurisdiction does in fact exist'") (citation omitted); accord Roberts v. Corrothers, 812 F.2d 1173,

20  1177 (9th Cir. 1987).

21          B.     Rule 12(b)(6) motion to dismiss for failure to state a claim.

22          A Rule 12(b)(6) motion tests the legal sufficiency of the complaint's claims.  See, e.g.,

23  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  In Bell Atlantic

---

24  [6]   In a class action, the focus is on whether the person invoking federal jurisdiction "personally

25  has suffered some actual or threatened injury," Valley Forge Christian Coll.  v. Am. United for
    Separation of Church & State, Inc., 454 U.S. 464, 472 (1982), and not on whether a class
    member allegedly has been harmed.  Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20

26  (1976) ("[E]ven named plaintiffs who represent a class must allege and show that they

27  personally have been injured, not that injury has been suffered by other, unidentified members
    of the class to which they belong and which they purport to represent.") (internal citations

28  omitted).

1    Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court retired the oft-quoted

2    Conley v. Gibson[7] language that long-defined the standard district courts were to apply when

3    deciding motions to dismiss.  To survive a motion to dismiss, a plaintiff must allege facts that

4    are "enough to raise his or her right to relief above the speculative level."  Twombly, 550 U.S.

5    at 555.  A motion to dismiss should be granted where the plaintiff fails to proffer "enough facts

6    to state a claim to relief that is plausible on its face."  Id. at 570.  Dismissal can be based on lack

7    of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

8    theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Although Rule

9    12(b)(6) requires a court to give deference to a plaintiff's allegations, "conclusory allegations of

10   law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state

11   a claim."  Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

12   IV.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(1) ON

13          THE GROUND THAT SHE FAILS TO ALLEGE "INJURY IN FACT" AS

14          REQUIRED TO ESTABLISH ARTICLE III CONSTITUTIONAL STANDING.

15          Plaintiff's Complaint should be dismissed in its entirety – including both its individual

16   and class allegations – under Rule 12(b)(1) for lack of subject matter jurisdiction because her

17   claims do not present a "Case" or "Controversy" under Article III of the Constitution.

18          Both of Plaintiff's causes of action arise under state law.  Plaintiff lacks a "legally

19   protected interest" under either cause of action – and, therefore, cannot establish Article III

20   "injury in fact" – as required by Cattie v. Wal-Mart Stores, supra.  There are two reasons:  first,

21   Plaintiff's entire Complaint is premised upon her faulty interpretation of Cal. Civ. Code section

22   1749.5(b)(1) as requiring a seller of gift cards to redeem for cash on demand.  Section

23   1749.5(b)(1) contains no such requirement.  Section 1749.5(b)(1) is Plaintiff's predicate

24   violation of law under the "unlawful" prong of Business and Professions Code section 17200.

25   Without a violation of section 1749.5(b)(1), the allegation that Borders would not redeem

---

26   [7]   Conley v. Gibson, 355 U.S. 41 (1957).  In Twombly, the Court stated that the "no set of
27   facts" language from Conley had "been questioned, criticized, and explained away long
     enough[,]" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an
28   accepted pleading standard[.]"  Twombly, 550 U.S. at 562-63.

1    Plaintiff's $20 gift card for cash does not constitute an "unlawful" business practice.[8]   Similarly,

2    as explained in detail herein, failure to redeem Plaintiff's $20 gift card for cash cannot be

3    "unfair" under section 17200 because such a practice has been expressly sanctioned by the

4    California Legislature through section 1749.5(b)(1).  Nor can it be "fraudulent" under section

5    17200, because Borders never represented in the first instance that it would redeem Plaintiff's

6    $20 gift card for cash.  Second, even if section 1749.5(b)(1) were somehow construed as

7    requiring cash redemption, Plaintiff lacks standing under state law for the separate and

8    independent reason that she utilized her gift card solely for purposes of bringing this action.

9    The underpinnings for these two overarching conclusions are developed in the balance of this

10   brief.

11        A.    Plaintiff's first cause of action is limited to the UCL's "unlawful" prong.

12        Plaintiff's first cause of action invokes the UCL which proscribes "unfair competition,"

13   defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive,

14   untrue or misleading advertising and any act prohibited by [California's False Advertising

15   Law]."  Cal. Bus. & Prof. Code § 17200.  Written in the disjunctive, the UCL establishes five

16   potentially distinct theories of liability:  (1) unlawful business acts or practices; (2) unfair

17   business acts or practices; (3) fraudulent business acts or practices; (4) unfair, deceptive, untrue

18   or misleading advertising; and (5) false advertising and related practices covered by Cal. Bus. &

19   Prof. Code §§ 17500 – 17577.

20        Of the aforementioned five theories of liability, Plaintiff's first cause of action only

21   invokes the first theory of liability; i.e., the UCL's "unlawful" prong.  Tellingly, Plaintiff

22   alleges – ambiguously, and in conclusory fashion – that Borders "engaged in unfair, deceptive

23   and/or unlawful conduct in violation of [the UCL]."  Compl. ¶ 16 (emphasis added).

24   Immediately thereafter, she alleges, "[s]pecifically, DEFENDANT has engaged in unlawful

---

25   [8]   Plaintiff's common law claim for unjust enrichment is based on the same facts specifically
26   pleaded with respect to her statutory claims, and is completely derivative therefrom.
     Accordingly, it should be subject to dismissal on the same grounds.  See, e.g., Mitchell v. Nat'l
27   Auto. & Casualty Ins. Co., 38 Cal. App. 3d 599, 606 (1974) ("When a common count is based
     upon the same facts specifically pleaded in another count which is subject to demurrer [in
28   California state court], the common count is likewise subject to demurrer").

1    conduct by violating Civil Code section 1749.5, which requires that purchased Gift Cards be

2    redeemable for cash."  Compl. ¶ 17 (emphasis added).  The first cause of action alleges no other

3    UCL theory of liability.[9]  Thus, at its core, Plaintiff's Complaint challenges Borders' failure to

4    redeem a $20 gift card for cash as "unlawful" under the UCL.

5           B.     Because Civil Code section 1749.5(b)(1) does not require cash redemption,

6                  Plaintiff fails to state a claim under the UCL's "unlawful" prong.

7           Plaintiff's urged construction of section 1749.5(b)(1) is simply wrong, for several

8    reasons.  First, Plaintiff strategically ignores the full language of section 1749.5(b)(1):

9                  (b)(1)  Any gift certificate sold after January 1, 1997, is
                   redeemable in cash for its cash value, or subject to replacement
10                 with a new gift certificate at no cost to the purchaser or holder.[10]

11   _____

12   [9]   Notwithstanding her fleeting, misplaced reference in her second cause of action to an
     "unfair" practice, Plaintiff's first cause of action is based solely on the UCL's "unlawful" prong.

13   [10]   To the extent Plaintiff may argue that section 1749.5(b)(1) is ambiguous, a review of the
     legislative history overwhelmingly compels the conclusion that section 1749.5(b)(1) applies
14   only to gift certificates and cards with an expiration date.  And, since Plaintiff's gift card does
     not contain an expiration date, the Court could decide on this basis alone that section
15   1749.5(b)(1) is inapplicable here.  In its original form, as enacted in 1996, the text of subsection
     (b)(1) appeared as the second sentence in section 1749.5(a):
16
                   On or after January 1, 1997, it is unlawful for any person or entity to sell a gift
17                 certificate to a purchaser containing an expiration date.  Any gift certificate sold
                   after that date shall be redeemable in cash for its cash value, or subject to
18                 replacement with a new gift certificate at no cost to the purchaser or holder.

19   Section 1749.5 was prompted by a lawsuit in 1994 in which approximately 18 of the nation's
     largest retailers were sued in a class action in San Diego Superior Court for alleged UCL
20   violations based on their failure to honor gift certificates after they expired.  See RJN Exh. A,
     pp. 25-57.  The retailers settled the lawsuit by, in part, agreeing to honor their gift certificates
     even after they expired.  See RJN Exh. A, p. 26.  According to then-Assembly Member Jan
21   Goldsmith (the bill's author), section 1749.5 was intended to codify and expand that judicial
     settlement to prohibit expiration dates on all gift certificates sold in California.  Id.  Legislative
22   history is replete with evidence that the text of what is now subsection (b)(1) is a remedy where
     a gift certificate contains an unlawful expiration date, including, for example:
23
     •   A July 24, 1995 letter from S. Myron Klarfeld, the attorney who brought the case against
24       the 18 retailers in San Diego, to Hon. Jan Goldsmith stated:  "We need a Bill to prohibit
         the use of expiration dates, or if used, that the certificates must contain language that
25       they may be redeemed or replaced at no cost after expiration."  RJN Exh. A, p. 58.

     •   A December 19, 1995 memorandum from Beau Biller to Legislative Counsel requesting
26       draft legislation "prohibiting the use of expiration dates on gift certificates, or if used,
         that the gift certificates must contain language that they may be redeemed or replaced at
27       no cost after the expiration date."  RJN Exh. A, p. 59.

28   •   On February 20, 1996, Hon. Jan Goldsmith introduced Assembly Bill 2466 which
                                                                          (continued…)

- 7 -

1    Section 1749.5(b)(1) thus presents two options:  either (1) cash redemption for the gift

2    certificate's cash value, or (2) replacement with a new gift certificate.  As confirmed through

3    basic principles of statutory interpretation, and as explained in more detail in Part

4    IV(C)(2) below, section 1749.5(b)(1) vests the <u>issuer</u>, not the <u>holder</u>, with the option whether to

5    redeem a gift certificate for cash or to replace it.  This legal conclusion is evident from the plain

6    language of section 1749.5(b)(1), coupled with Civil Code section 1448 (providing that "[i]f an

7    obligation requires the performance of one of two acts, in the alternative, the party required to

8    perform has the right of selection").

9         Second, the fact that section 1749.5(b)(2) – enacted after subsection (b)(1), in 2007 –

10   provides cardholders with the right to cash redemption only if their gift cards have a cash value

11   of less than $10 further demonstrates that section 1749.5(b)(1) does not grant cardholders with

12   gift card balances of $10 or more the right to determine whether to redeem a gift card for cash or

13   obtain a replacement card.  Any other interpretation would render subsection (b)(2) superfluous,

14   which is a prohibited statutory construction.  Cal. Civ. Proc. Code § 1858 ("[W]here there are

15   several provisions or particulars, such a construction is, if possible, to be adopted as will give

16   effect to all"); <u>Van Horn v. Watson</u>, 45 Cal. 4th 322, 333 (2008 ) ("Axioms of statutory

17   interpretation counsel us to avoid such constructions" that would render a provision useless).

18        Thus, only under subsection (b)(2) is the holder entitled, at his or her request, to cash for

19   the value of the gift certificate.  But Plaintiff does not allege a violation of subsection (b)(2), nor

20   (…continued)

         proposed to make it unlawful for any person or entity to sell a gift certificate containing

21       an expiration date unless the certificate indicated that it may be redeemed in cash for its
         face value or replaced with a new gift certificate after the expiration date.  RJN Exh. A,

22       pp. 3-4, 18.

23   •   On March 27, 1996, AB 2466 was amended for the first time, but still applied only to
         gift certificates containing an expiration date.  RJN Exh. A, pp. 5-6.

24   •   Between April 15 and July 16, 1996, AB 2466 was amended several more times, but
         each amendment applied only to gift certificates containing expiration dates.

25       RJN Exh. A, pp. 7-16, 18.

26   •   The Bill Analysis prepared for a June 11, 1996 hearing of the Senate Committee on
         Judiciary stated that the bill's purpose was "to prohibit retailers from selling gift

27       certificates which state on their face that they will not be honored after a certain date,
         and to require retailers to honor gift certificates after the gift certificates have expired."

28       RJN Exh. A, p. 20.

1   could she given that her card balance remains at $20.  Instead, she baldly asserts that she has

2   "suffered injury in fact" in violation of subsection (b)(1).  Compl. ¶ 19.  Such conclusory

3   allegations are unavailing, because refusal to redeem a $20 gift card for cash is lawful under

4   section 1749.5(b)(1).  Accordingly, Plaintiff lacks standing under the UCL's "unlawful" prong.

5   Plaintiff, therefore, lacks a "legally protected interest" and, consequently, she cannot establish

6   "injury in fact" sufficient to demonstrate Article III constitutional standing.

7       C.      It is apparent that Plaintiff's Complaint must be dismissed when the applicable

8               statutory framework is correctly understood.

9       The analysis that drives the conclusion that Plaintiff's Complaint is fatally flawed is

10  straightforward and abides by conventional statutory construction mandates (i.e., reliance on

11  plain language, legislative history, harmonizing related provisions, and achieving common sense

12  results).  Each mandate is evaluated in turn.

13      1.      Standards governing statutory construction.

14      Statutory interpretation is a question of law.  Suman v. BMW of North America, Inc.,

15  23 Cal. App. 4th 1, 9 (1994).  The fundamental task of statutory interpretation is to ascertain

16  legislative intent so as to effectuate the purpose of the law.  Cal. Civ. Proc. Code § 1859 ("In the

17  construction of a statute the intention of the legislature . . . is to be pursued"); People v. Cruz,

18  13 Cal. 4th 764, 774-75 (1996).

19      Statutory interpretation involves a three-step analysis by the court, applied in the

20  following order:  (1) first examine the actual language of the statute; (2) if the meaning of the

21  words is not clear, the court must refer to extrinsic evidence of intent, including legislative

22  history; and (3) if the first two steps have failed to reveal the clear meaning of the statute, the

23  court should apply reason, practicality, and common sense to the language at hand.  Hoechst

24  Celanese Corp. v. Franchise Tax Bd., 25 Cal. 4th 508, 519 (2001); Herman v. Los Angeles

25  County Metro. Transp. Auth., 71 Cal. App. 4th 819, 825-26 (1999); Halberts Lumber, Inc.

26  v. Lucky Stores, Inc., 6 Cal. App. 4th 1233, 1238-39 (1992).  Here, the plain language of the

27  statute, the legislative history behind the statute, and common sense all dictate that section

28  1749.5(b)(1) does not require cash back on demand for all gift cards.

1        2.     The plain language of subsection (b)(1), together with Cal. Civ. Code

2               section 1448, gives retailers the option whether to redeem a gift card for

3               cash or to replace it.

4        As noted above, the first step in interpreting section 1749.5(b)(1) is to examine the plain

5  language of the statute.  If the language is sufficiently clear, as Borders submits is the case here,

6  the Court need go no further.  The plain language of 1749.5(b)(1) states that any gift card "is

7  redeemable in cash for its cash value, or subject to replacement with a new gift certificate."  The

8  word "or" connects two alternatives:  a gift card can either be redeemed for cash "or" replaced

9  with a new gift card.  Although Plaintiff may argue that the plain language of 1749.5(b)(1) does

10  not specify which party – the issuer, or its holder – has the option to redeem for cash or replace

11  the gift card – when the statute's plain language is viewed, as it must be, in connection with

12  Civil Code section 1448 – it is clear that this option belongs solely to the issuer.

13        Under Civil Code section 1448, "[i]f an obligation requires the performance of one of

14  two acts, in the alternative, the party required to perform has the right of selection."  Cal.

15  Civ. Code § 1448 (emphasis added) (titled "obligor's right to select"); see, e.g., San Bernardino

16  Valley Water Dev. Co. v. San Bernardino Valley Mun. Water Dist., 236 Cal. App. 2d 238, 247

17  (1965) ("The law specifies that alternative or disjunctive promises of a contract afford an option

18  to the promissor to select one or more which he will perform (Civil Code, § 1448 . . .)").

19  Accordingly, because section 1749.5(b)(1) requires the performance of one of two acts – either

20  cash redemption or gift certificate replacement – and the gift card's issuer (in this instance,

21  Borders) is the party required to perform, Borders has the right of selection.  Borders, therefore,

22  has the right to determine whether to redeem the value of a card for cash, or issue a replacement

23  gift card; cardholders have no selection prerogatives under section 1749.5(b)(1) and, thus, do

24  not have the election right Plaintiff claims.  Accordingly, Borders may, but is not required to,

25  redeem gift cards for cash upon request under section 1749.5(b)(1).

26

27

28

1       3.    <u>Under section 1749.5(b)(2), cardholders only have the right to cash</u>

2           <u>redemption if their gift cards have a cash value of less than $10.</u>

3   Principles of statutory construction dictate that the language of section 1749.5(b)(1) be

4   harmonized with that of section 1749.5(b)(2), which gives cardholders an unconditional right to

5   redeem for cash <u>if</u>, and only if, their gift cards have a cash value of less than $10.  <u>Van Horn</u>,

6   45 Cal. 4th at 326 ("[A] statute's language must be construed in context, and provisions relating

7   to the same subject matter must be harmonized to the extent possible").

8   Section 1749.5(b)(2) provides as follows:  "Notwithstanding paragraph (1), any gift

9   certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash

10  value."  Subsection (b)(2) thus stands in stark contrast with subsection (b)(1) which, as

11  explained above, does not give the holder the right to cash, but instead gives the issuer the

12  option of providing cash or replacing the card.  If subsection (b)(1) were interpreted to require

13  cash back on demand in all instances, as Plaintiff alleges, subsection (b)(2) would be rendered

14  superfluous.  Such an interpretation must be avoided.  Cal. Civ. Proc. Code § 1858; <u>Van Horn</u>,

15  45 Cal. 4th at 333.

16      4.    <u>The legislative history of subsections (b)(1) and (2) confirms that Plaintiff</u>

17          <u>has no right to cash redemption under subsection (b)(1) relative to her</u>

18          <u>$20 gift card</u>.

19  While the plain language of section 1749.5(b)(1), in conjunction with Civil Code section

20  1448 and subsection (b)(2), unambiguously gives Borders – and not Plaintiff – the option of

21  cash redemption or card replacement, the legislative history of sections 1749.5(b)(1) and (b)(2)

22  provides further evidence in support of this interpretation.  This history evidences a clear

23  legislative intent that controls the interpretation of the statute.  <u>See</u> <u>supra</u>, Part IV(C)(1).

24  Importantly, the legislative history of the most recent amendment to 1749.5, subsection

25  (b)(2), conclusively demonstrates the Legislature's intent.  In 2007, as explained by the

26  Legislative Counsel's Digest, Senator Corbett introduced an amendment to "existing law [that]

27  provides that any gift certificate . . . is redeemable in cash or subject to replacement with a new

28  gift certificate."  RJN Exh. B, p. 68 (discussing SB 250).  The Digest further explained that

1   "[t]his bill would allow any gift certificate with a cash value of less than $20 to be redeemed in

2   cash for its cash value."[11]  Id.  The import of the proposed amendment was to retain the general

3   provision giving the cash redemption or replacement option to retailers relative to most gift

4   cards, simply moving it from section (b) to subsection (b)(1), and to add a provision for gift

5   cards with balances of less than $20 at subsection (b)(2).  Id. at pp. 68-69.

6        The Assembly Committee on Business and Professions (the "Committee") issued an

7   analysis of this bill, clarifying that prior to the enactment of SB 250, gift card holders never had

8   the right to cash on demand:

9        Under current law, . . . [a] store can refuse to give the remaining
         value of the gift card back in cash no matter how small the value

10       left on the card.

11  Id. at p. 71 (emphasis added); see also id. at pp. 62-64, 66.  Consistent with this analysis, the

12  Committee noted in a hearing on SB 250, that the California Retailers Association opposed the

13  bill because "the option offered (under current law) to cash out a gift certificate or issue a new

14  gift card is a business decision that should be left to the individual business."  Id. at p. 76.  The

15  Committee explained that, without a requirement for cash back on demand with respect to cards

16  with small balances, individuals with low balances often end up forfeiting the remaining amount

17  because they cannot buy anything in the store for the remaining value on the card.  Id. at pp. 71,

18  75.  SB 250 remedies this problem because "consumers will be able to redeem the remaining

19  value of their gift card in cash when the value drops below $20."  Id. (emphasis added).  This

20  legislative history makes it clear that the bill simply provided for cash redemption upon request

21  with respect to small card balances (i.e., less than $20 when the bill was first introduced, and

22  less than $10 as enacted).  For gift card balances of $10 or more, including Plaintiff's $20 card

23  balance, the law giving retailers the option of cash redemption or card replacement remains

24  unchanged and Borders can lawfully "refuse to give the remaining value of the gift card back in

25  cash."  Id.

---

26  11   Subsection (b)(2) as enacted narrows the cash back exception from gift cards with balances

27  of less than $20, to those with less than $10 balances.  The legislative history indicates that this
    revision was made as a compromise in response to concerns from certain lobbying groups.

28  RJN Exh. B, pp. 77, 79.

1    In addition, the lobbying history of this amendment is replete with statements regarding

2    how the cash back provision operated before the Legislature provided for cash redemption upon

3    request with respect to gift cards with balances of less than $10:

4    • "Currently stores can refuse to give consumers the remaining value of their gift cards

5    in cash."  RJN Exh. B, p. 72 (Letter to Assembly Business and Professions
     Committee from Congress of California Seniors).

6    • "Current law provides that retailers have the option of redeeming gift certificates for
     cash or issuing a new gift certificate."  RJN Exh. B, p. 73 (Memo from California

7    Chamber of Commerce to Members of Assembly Committee on Business &
     Professions).

8    • "The law currently provides that retailers have the option to cash out a gift certificate

9    or issue a new gift certificate or gift card[.]"  RJN Exh. B, p. 74 (Memo from
     California Retailers Assoc. to Members, Assembly Business and Profession

10   Committee).

11   These analyses – regarding how the law operated before it was amended in 2007 to provide for

12   cash redemption with respect to gift cards with small balances – are instructive.  Clearly,

13   retailers had and have the option of either redeeming a card for cash, or exchanging it for a new

14   card.  With the enactment of subsection (b)(2), cash redemption upon request is mandatory for

15   gift cards with balances of less than $10.

16   In addition to the most recent amendment to section 1749.5 adding subsection (b)(2)

17   effective in 2008, section 1749.5 has been amended four times.  The legislative history behind

18   the first amendment in particular, in 1997, provides further confirmation that retailers do not

19   have an obligation to provide cash back on demand.  The most significant evidence of

20   legislative intent on this issue is an opinion from the Legislative Counsel of California

21   ("Legislative Counsel") that is squarely on point.  See Cal. Ass'n of Psychology

22   Providers v. Cal. Hosp. Ass'n, 51 Cal. 3d 1, 17 (1990) (holding that Legislative Counsel

23   opinions are entitled to "great weight.").[12]  Mr. Jan Goldsmith, the Assemblyman who authored

24   _____

25   [12]  In California Association of Psychology Providers, the California Supreme Court considered
     an opinion of the Legislative Counsel in construing a statute.  The Court held that opinions of

26   the Legislative Counsel are "particularly compelling . . . since they are prepared to assist the
     Legislature in its consideration of pending legislation."  Id.; see also Barratt Am., Inc. v. City of

27   Rancho Cucamonga, 37 Cal. 4th 685, 697 (2005) (relying on opinion of Legislative Counsel in
     construing statute because it has "great persuasive weight"); Pac. Lumber Co. v. State Water

28                                                                              (continued…)

1   the original section 1749.5, requested an opinion from Legislative Counsel, asking:  "Does this

2   legislation require that a merchant cash out or redeem a consumer[']s gift certificate in cash

3   whenever it is presented?"  RJN Exh. A, p. 28 (January 9, 1997).  Legislative Counsel

4   responded unequivocally with its opinion on January 11, 1997:  "[Section 1749.5] <u>does not</u>

5   <u>require</u> a merchant to redeem a gift certificate in cash whenever it is presented by a consumer."

6   RJN Exh. A, p. 29 (emphasis added).

7           In arriving at this conclusion, Legislative Counsel analyzed the purpose of the statute,

8   and further relied upon Civil Code section 1448 and the statute's plain language to effectuate

9   legislative intent.  Legislative Counsel first noted that the purpose of section 1749.5 "is to

10  protect retail consumers by imposing an obligation on merchants and other issuers to honor the

11  certificates they have issued (see Analysis, Senate Judiciary Committee, A.B. 2466, May 9,

12  1996) [RJN Exh. A, p. 28]."  <u>Id.</u> at p. 30.  Accordingly, Legislative Counsel stated:

13              We do not think the Legislature intended to give the purchaser or
                holder of a gift certificate the ability to automatically receive cash
14              upon presentation of the certificate.  Such a construction would
                effectively render meaningless the concept of a gift certificate,
15              since it could be redeemed in cash at any time after purchase.

16  <u>Id.</u>  Second, Legislative Counsel relied on Civil Code section 1448, explained in more detail in

17  Part IV(C)(2), <u>supra</u>, in conjunction with the statute's plain language, to bolster this conclusion.

18  Because Civil Code section 1448 provides that the obligor is the party vested with the right to

19  select between the performance of two acts, Legislative Counsel opined that section 1749.5

20  "<u>allows the merchant or other issuer to choose</u> one of the available options to meet his or her

21  obligation."  <u>Id.</u> (emphasis added).  Accordingly, this opinion by Legislative Counsel that is

22  entitled to "great weight" firmly concluded that section 1749.5 "does not require a merchant to

23  redeem a gift certificate in cash whenever it is presented by a consumer."  RJN Exh. A, p. 31.

24

25

26  _____

27  (…continued)
    <u>Res. Control Bd.</u>, 37 Cal. 4th 921, 939 (2006) ("Opinions of Legislative Counsel . . . are entitled
28  to great weight when courts attempt to discern legislative intent.").

1            5.      Reason, practicality and common sense support interpreting section

2                    1749.5(b)(1) as not requiring cash redemption for all gift cards.

3        Although the plain language and legislative history of section 1749.5(b)(1) leave no

4   room for doubt as to section 1749.5(b)(1)'s interpretation, under the third prong of statutory

5   interpretation, the Court may apply reason, practicality, common sense and public policy as a

6   final interpretation aid.  Herman, 71 Cal. App. 4th at 826 (citation omitted).  Here, it is patently

7   unreasonable to read section 1749.5(b)(1) to mandate cash redemption of all gift cards on

8   demand.  Retailers undertake an expense in administering gift card programs.  They bear this

9   burden because holders will then use the cards in their stores to purchase merchandise, thereby

10  allowing the retailers to recoup their initial expense.  Under Plaintiff's interpretation of the

11  statute, retailers would be required to bear this expense of the gift card program, but without the

12  benefit of the holder spending the gift card in their stores.  This interpretation would transform

13  the gift card into a debit card with unlimited application.  The purpose of section 1749.5 was to

14  protect consumers by eliminating expiration dates − not to transform retailers into banks or

15  ATM machines.  Reason, practicality and common sense support Borders' interpretation of the

16  statute that retailers are not required to redeem gift certificates for cash on demand by the

17  holder, unless the gift card's balance is under $10.

18          D.      Plaintiff fails to state a claim under the UCL's "unfair" prong.

19          As indicated herein, Plaintiff's first cause of action only alleges violations of the UCL's

20  "unlawful" prong.  Regardless, Plaintiff's cash redemption allegations fail to state a claim for an

21  "unfair" business practice under the UCL.  While the precise definition of "unfair" in consumer

22  cases is unsettled under California law, under Bardin v. DaimlerChrysler Corp., 136 Cal.

23  App. 4th 1255, 1264-73 (2006), conduct alleged to be "unfair" under the UCL is assessed under

24  two possible definitions:  (1) the challenged conduct must either (a) "offend[] an established

25  public policy or [be] immoral, unethical, oppressive, unscrupulous or substantially injurious to

26  consumers;" or (b) be "tethered to specific constitutional, statutory or regulatory provisions."

27  Id.  On the "facts" alleged, Plaintiff cannot personally meet either standard.

28

1    First, it cannot possibly violate established public policy or be substantially injurious to a

2    consumer where, as here, section 1749.5(b)(1) does not require cash redemption on demand

3    with respect to a $20 gift card.  For the same reason, Plaintiff fails to allege any "specific

4    constitutional, statutory or regulatory provisions" that Borders violated with respect to

5    Plaintiff's $20 gift card.  Consequently, Plaintiff fails to satisfy either definition of "unfair"

6    conduct under the UCL.

7        Moreover, the Legislature has expressly addressed the circumstances under which

8    retailers should be required to redeem gift certificates for cash, and has determined that a retailer

9    need only (1) redeem or replace, at the retailer's option, gift certificates with expiration dates,

10   and (2) redeem a gift certificate for cash when its balance is less than $10.  Cal. Civ. Code

11   §§ 1749.5(b)(1)-(2).  Thus, Plaintiff may not make an end run around the statutory scheme

12   enacted by the Legislature by recasting Borders' policy as unfair.  Cel-Tech Commc'ns v. Los

13   Angeles Cellular Tel. Co., 20 Cal. 4th 163, 182 (1999) (if the Legislature has permitted the

14   underlying conduct, the "courts may not override that determination," and a plaintiff may not

15   "plead around an absolute bar to relief by recasting the cause of action as one for unfair

16   competition"); see also Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1160 (2000) ("[W]here

17   the allegedly unfair business practice has been authorized by the Legislature, no factual or

18   equitable inquiry need be made, as the court can decide the matter entirely on the law.");

19   Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505 (1999) ("[A] business practice cannot be

20   unfair if it is permitted by law.").

21       Plaintiff may not override the will of the Legislature by alleging that her inability to

22   redeem her $20 gift card for cash is somehow "unfair."  As a consequence, Plaintiff has not

23   suffered "injury in fact" or "lost money or property" within the meaning of the "unfair" prong of

24   section 17200.  Accordingly, Plaintiff lacks a "legally protected interest" and, therefore, "injury

25   in fact" sufficient to establish Article III standing.

26       E.    Plaintiff fails to state a claim under the UCL's "fraudulent" prong.

27       Again, Plaintiff's first cause of action only alleges violations of the UCL's "unlawful"

28   prong.  That said, the notion that Borders' gift card disclaimer regarding cash redemption

1    vis-à-vis Plaintiff's $20 gift card violates the UCL's "fraudulent" prong is easily disposed of.

2    See, e.g., Van Ness v. Blue Cross of Cal., 87 Cal. App. 4th 364, 376 (2001) (affirming dismissal

3    of UCL claim based upon defendant health plan's purported failure to pay for medical services

4    on grounds that defendant's fee schedule was unambiguously disclosed); Shvarts v. Budget

5    Group., Inc., 81 Cal. App. 4th 1153, 1157-60 (2000) (affirming dismissal of plaintiff car renter's

6    claim that car rental company acted unfairly and fraudulently under UCL by applying refueling

7    charges for rental cars returned without full gas tanks, in part because the rates were disclosed in

8    the rental agreement); Payne v. United Cal. Bank, 23 Cal. App. 3d 850, 856 (1972).  Here,

9    Plaintiff expressly admits she was not in any way misled into believing that Borders would

10   redeem her gift card for cash.  See Compl. ¶ 5 ("Plaintiff desired to redeem the card for cash

11   instead of shopping at Borders stores, but in reading the Borders card noted that it could not be

12   redeemed for cash."); see, e.g., Caro v. Proctor & Gamble Co., 18 Cal. App. 4th 644, 663 (1993)

13   (affirming trial court's determination denying class certification in UCL / False Advertising

14   Law action where the class representative testified that he never was fooled into thinking that

15   defendant's orange juice carton contained fresh juice).  Thus, Plaintiff cannot state a claim

16   under the UCL's "fraudulent" prong with respect to her $20 gift card.  As a result, Plaintiff has

17   not suffered "injury in fact" or "lost money or property" within the meaning of the "fraudulent"

18   prong of section 17200.  Accordingly, Plaintiff lacks a "legally protected interest" and,

19   therefore, "injury in fact" sufficient to establish Article III standing.

20          F.      Plaintiff lacks standing under any UCL theory because she fails to allege facts

21                  sufficient to demonstrate "injury in fact" or "lost money or property."

22          Even if section 1749.5(b)(1) did require cash redemption on demand (which it plainly

23   does not), Plaintiff still lacks standing because she has not alleged facts sufficient to

24   demonstrate either that she suffered "injury in fact" or that she "lost money or property as a

25   result of . . . unfair competition."  See Cal. Bus. & Prof. Code § 17204 (a plaintiff must allege

26   both "injury in fact" and "lost money or property" due to unfair competition in order to establish

27   standing under the UCL).  "The phrase 'as a result of' [in the UCL] in its plain and ordinary

28   sense means 'caused by' and requires a showing of a causal connection or reliance on the

1   alleged misrepresentation."  <u>Hall v. Time, Inc.</u>, 158 Cal. App. 4th 847, 852, 855 (2008) (no

2   standing where, even if plaintiff suffered injury in fact, plaintiff made no causation showing);

3   <u>see also</u> <u>Laster v. T-Mobile USA, Inc.</u>, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (named

4   plaintiffs, who failed to allege they saw, read or relied on false or misleading ads, lacked

5   standing under the UCL which requires proof of actual reliance and causation).

6        In <u>Walker v. GEICO General Ins. Co.</u>, 558 F.3d 1025, 1027 (9th Cir. 2009), the Ninth

7   Circuit adopted the general holding in <u>Buckland v. Threshold Enters. Ltd.</u>, 155 Cal. App. 4th

8   798 (2007), that "the import of the ['lost money or property'] requirement is to limit standing to

9   individuals who suffer losses of money or property that are eligible for restitution."  <u>Walker</u>,

10   558 F.2d at 1027 (quoting <u>Buckland</u>, 155 Cal. App. 4th at 817).  By so adopting, the Ninth

11   Circuit established that the "lost money or property" requirement is congruent with eligibility

12   for restitution.  In <u>Walker</u>, the Ninth Circuit further expressly agreed with the district court's

13   extensive analysis of the "history and purpose" of the UCL's standing requirements.  <u>Id.</u>

14   Through that analysis, the district court found "that the 'loss of money or property' required for

15   UCL standing should be construed identically to the 'lost money or property' California courts

16   require for [Business and Professions Code] section 17203."  <u>Walker v. USAA Casualty Ins.</u>

17   <u>Co.</u>, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007).  The district court then cited <u>Korea</u>

18   <u>Supply v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1149-50 (2003), for California's

19   interpretation of the loss of money or property requirement for section 17203 as requiring that

20   the plaintiff "have either prior possession or a vested legal interest in the money or property

21   lost."  <u>Id.</u>  The import of the Ninth Circuit's adoption of <u>Buckland</u> and agreement with the

22   district court's analysis is that a plaintiff seeking any relief under the UCL (whether restitution

23   or injunctive relief, or both) must show loss of money or property for purposes of restitution by

24   alleging either prior possession or a vested legal interest in money or property in the defendant's

25   possession.

26        Here, Plaintiff does not allege either theory of restitution for purposes of her cash

27   redemption claim, nor can she.  First, Plaintiff did not expend money to purchase the Borders

28   card at issue, rather she alleges that she "received" it "as a gift."  Compl. ¶ 5.  Thus, she does

1    not and cannot assert that Borders possesses any money she previously possessed.  Second,

2    Plaintiff cannot claim that she has a vested interest in any money Borders possesses because, as

3    explained above, section 1749.5(b)(1) does not require retailers to provide cash back on demand

4    of the holder of a gift card with a balance of $10 or more.  Accordingly, under either theory of

5    restitution, Plaintiff has not "lost money or property."

6        Moreover, "[t]he mere purchase of a product for the purpose of establishing standing to

7    sue is not 'injury in fact' or 'loss of money or property' within the meaning of Proposition 64

8    [amending §§ 17204, 17535]."  See William L. Stern, Cal. Practice Guide:  Cal. Bus. & Prof.

9    Code § 17200 (The Rutter Group 2008) ¶ 7:22.2 (citing Buckland, 155 Cal. App. 4th at 808 ("In

10    the case of fraudulent misrepresentation, actual reliance occurs only when the plaintiff reposes

11    confidence in the *truth* of the relevant representation, and acts upon this confidence") (emphasis

12    supplied)).  In Buckland, the plaintiff suspected the defendants' advertising representations were

13    false and misleading, and she bought their products "solely to pursue litigation upon the

14    vindication of her suspicions."  Id.; see also Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d

15    939, 947-48 (S.D. Cal. 2007) (where plaintiff failed to specifically allege that she relied on

16    defendant's advertising when she purchased defendant's linens, only alleged reliance in

17    conclusory fashion, was represented by four different law firms, and filed a nationwide lawsuit

18    "a mere eleven days after making her purchase," the Court concluded that the plaintiff had not

19    suffered any actual harm and that "the possibility that Plaintiff did not rely on the allegedly false

20    advertising when making her purchase is thus more than purely theoretical").

21        And so it is here.  As Borders' Rule 12(b)(1) evidence unmistakably demonstrates,

22    Plaintiff utilized her gift card for the sole purpose of bringing this lawsuit.  Plaintiff's gift card

23    was purchased on March 7, 2009 – i.e., a mere twelve days before Plaintiff filed this lawsuit –

24    and was activated upon purchase with a balance of $20.  Though Plaintiff does not allege when

25    she "received" the card "as a gift," the gift card's balance was checked by telephone on

26    March 17, 2009; i.e., a mere two days before Plaintiff filed suit.  Plaintiff does not allege that

27    she ever used or attempted to use her claimed gift card to purchase retail merchandise.  To the

28    contrary, she has never had any interest at all in using her gift card to shop at Borders stores.

1    Compl. ¶ 5.  Indeed, Borders' records confirm that the original $20 balance on Plaintiff's gift

2    card remains untapped.  Spouts Decl. ¶ 4(d).  Instead, Plaintiff claims she "desires to redeem the

3    card for cash."  Id.  Remarkably, she nevertheless fails to allege that she ever attempted to

4    redeem the gift card's $20 balance for cash.

5         Moreover, as noted in Part II(B) herein, Plaintiff filed a gift card class action in San

6    Diego Superior Court against American Express just one week after filing this action alleging

7    virtually identical cash redemption claims.  RJN Exh. D ¶ 6.  Such formulaic claims in both this

8    action and the action against American Express reveal classic hallmarks of a plaintiff who, as in

9    Buckland and Cattie, has not suffered any actual harm but who, nevertheless, has purposefully

10   utilized a defendant's product for the sole objective of bringing suit.  Thus, Plaintiff has neither

11   suffered "injury in fact" nor "lost money or property."  Accordingly, for this separate and

12   independent reason, Plaintiff lacks UCL standing and, in turn, Article III standing.

13   V.    THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR

14         FAILURE TO STATE A CLAIM.

15        Not only does Plaintiff's Complaint fail under Rule 12(b)(1) because she lacks standing,

16   but it further must be dismissed under Rule 12(b)(6) because it fails to state a claim upon which

17   relief can be granted.  Accepting all allegations of material fact in the Complaint as true and

18   construing them in the light most favorable to the Plaintiff, and without regard to any of the

19   evidence submitted by Borders in support of its Rule 12(b)(1) motion, the Complaint in its

20   entirety – including both its individual and class allegations – fails to state a claim and must be

21   dismissed.

22        A.    Plaintiff's allegations do not state a claim for relief under the UCL.

23             1.    Plaintiff's allegations do not state a claim for unlawful business practices.

24        Plaintiff first asserts that Borders engaged in unlawful conduct under the UCL by

25   violating Civil Code section 1749.5 because a Borders gift card Plaintiff received stated that it

26   was "not redeemable for cash."  Compl. ¶¶ 4-6, 16-17.  Plaintiff's allegation, however, fails to

27   state a claim for relief and must be dismissed.  As described in detail herein, section

28   1749.5(b)(1) does not require retailers to redeem gift cards for cash on demand, unless the card

1    has a balance of less than $10.  Plaintiff fails to allege the dollar amount of her gift card, or that

2    she requested cash redemption from Borders on a gift card with a balance of less than $10, or

3    that such a request was denied.[13]  She alleges only that she "noted" that her claimed gift card

4    (whose balance she fails to allege) "could not be redeemed for cash." Compl. ¶ 5.  Thus, at

5    minimum, Plaintiff fails to allege facts sufficient to demonstrate that her gift card balance is less

6    than $10 such that she is legally entitled to cash redemption upon request.[14]  Furthermore,

7    consistent with the authorities cited in Part IV(C) herein (but without regard to Borders' Rule

8    12(b)(1) evidence), Plaintiff's barebones allegations are insufficient to establish that she

9    suffered "injury in fact" or "lost money or property" as a result of alleged unfair competition by

10   Borders.  Accordingly, Plaintiff's first cause of action under the UCL alleging "unlawful"

11   business practices fails to state a claim.

12                    2.      Plaintiff fails to state a claim for unfair business practices.

13          Similarly (and without regard to Borders' Rule 12(b)(1) evidence), for the reasons stated

14   in Parts IV(C)(3) and V(A)(1) herein, and consistent with the authorities cited in Part

15   IV(F) herein regarding the UCL's requirement that a plaintiff allege "injury in fact" and "lost

16   money or property," Plaintiff fails to state a claim with respect to the UCL's "unfair" prong.

17                    3.      Plaintiff fails to state a claim for fraudulent business practices.

18          Likewise (and without regard to Borders' Rule 12(b)(1) evidence), for the reasons stated

19   in Parts IV(C)(4) and V(A)(1) herein, and consistent with the authorities cited in Part

20   IV(F) herein regarding the UCL's requirement that a plaintiff allege "injury in fact" and "lost

21   money or property," Plaintiff fails to state a claim with respect to the UCL's "fraudulent" prong.

22   _____

23   [13]  To the extent the Complaint would have the Court speculate that Plaintiff's gift card balance
     is less than $10 such that she is legally entitled to cash redemption upon request, the Court
24   cannot so speculate.  Twombly, 550 U.S. at 555 (instructing that "factual allegations must be
     enough to raise a right to relief above the speculative level.").  Moreover, Plaintiff is not saved
25   by having pleaded legal conclusions that would support the claim where the facts pleaded are
     inconsistent with those legal conclusions.  Weisbuch v. County of Los Angeles, 119 F.3d 778,
26   783 n.1 (9th Cir.  1997).

27   [14]  Plaintiff cannot, in observance of the good faith pleading requirements, even entertain any
     hope of making factual allegations that could overcome this threshold deficiency in her
28   Complaint.

1    B.    Plaintiff fails to state a claim for unjust enrichment.

2    Plaintiff's second cause of action alleges that Borders was "unjustly enriched by its

3 unfair and unlawful practice of refusing cash redemptions on unused card balances."

4 Compl. ¶ 22.  As under her first cause of action, Plaintiff seeks "restitution" and an injunction in

5 connection with her claim for unjust enrichment.  Id. ¶ 23.

6    A claim for unjust enrichment requires pleading "the receipt of a benefit and the unjust

7 retention of the benefit at the expense of another."  Lectrodryer v. Seoulbank, 77 Cal. App. 4th

8 723, 726 (2000).  There is a split of authority among California courts as to whether unjust

9 enrichment can be maintained as an independent cause of action or whether it is instead "merely

10 an equitable remedy."  See, e.g., Parrish v. Nat'l Football League Players Ass'n, 534 F.

11 Supp. 2d 1081, 1100 (N.D. Cal. 2007) (holding that the plaintiffs failed to plead that they

12 conferred a benefit on defendants which they unjustly retained, as they did not allege that the

13 defendants received anything from plaintiffs' status as former NFL players); see also Dinosaur

14 Dev., Inc. v. White, 216 Cal. App. 3d 1310, 1314-15 (1989) (unjust enrichment is synonymous

15 with the remedy of restitution).[15]  Since Plaintiff cannot state a claim for restitution under the

16 UCL, her unjust enrichment claim necessarily fails.

17 VI.    CONCLUSION.

18    Based on the foregoing, Borders respectfully requests that this Court grant its motion to

19 dismiss Plaintiff's entire Complaint with prejudice for lack of subject matter jurisdiction or, in

20 the alternative, for failure to state a claim.

21

22 Dated:  May 12, 2009        PILLSBURY WINTHROP SHAW PITTMAN LLP
                              GREG L. JOHNSON
23                            DAVEED A. SCHWARTZ
                              DARCY L. MUILENBURG
24
25                            By _____s/ Daveed A. Schwartz_____
                                              Daveed A. Schwartz
26                                     daveed.schwartz@pillsburylaw.com
                              Attorneys for Defendant BORDERS, INC.
27 _____
28 [15]  Accordingly, injunctive relief is not an appropriate remedy for unjust enrichment.

Case No. 3:09-cv-00832-BTM-NLS

<u>CERTIFICATE OF SERVICE</u>

I, Kathei Courtland, declare as follows:

1.      I am employed in the City of Sacramento, County of Sacramento, State of California, in the office of a member of the bar of this Court at whose direction the service was made.

2.      I am over the age of eighteen (18) years, and not a party to the within action.

3.      My business address is Pillsbury Winthrop Shaw Pittman LLP, 400 Capitol Mall, Suite 1700, Sacramento, CA 95814.

4.      On May 12, 2009, I served the document titled <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BORDERS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u> on the parties in this action as follows:

| Stephen B. Morris, Esq.<br>Morris and Associates<br>444 West C Street, Suite 300<br>San Diego, CA 92101<br>Telephone:  (619) 239-1300<br>Facsimile:  (619) 234-3672<br>Email:      morris@sandiegolegal.com<br>*Attorneys for Plaintiff AMANDA RUDD* | |
|---|---|
| **X** | **(VIA ELECTRONIC CASE FILING)**  I filed electronically the document(s) listed above, using the Court's Case Management/Electronic Case Filing (CM/ECF) service. Counsel of record are registered to file electronically with this Court and to receive copies of the documents via e-mail by the Court's Notice of Electronic Filing constituting filing and service of the document(s) listed above. |

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of May, 2009, at Sacramento, California.

_____
Kathei Courtland