Stephen B. Morris (SBN 126192)
**MORRIS and ASSOCIATES**
444 West C Street, Suite 300
San Diego, California 92101
Telephone: (619) 239-1300
Fax:          (619) 234-3672

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA RUDD for herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BORDERS, INC. and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 3:09-cv-00832-BTM-NLS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:          June 19, 2009<br>Time:          11:00 a.m.<br>Courtroom:   15<br>Judge:         Honorable Barry Ted Moskowitz |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff AMANDA RUDD, will and hereby does request this Court, under Federal Rule of Evidence 201, to take judicial notice of the following documents, true and correct copies of which are attached for the Court's convenience.

Exhibit A:    Is a true and correct copy of the Bill Analysis for AB 2466.

1    Exhibit B:   Is a true and correct copy of the Bill Analysis for SB 250 entitled
2                 Unfinished Business.
3    Exhibit C:   Is a true and correct copy of the Bill Analysis for SB 250.
4
5
Date:         May 20, 2009                    Morris and Associates
6
7
                                              Stephen B. Morris
8                                             Stephen B. Morris
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

```
                SENATE JUDICIARY COMMITTEE         A
                 Charles M. Calderon, Chairman     B
                    1995-96 Regular Session
                                                   2
                                                   4
                                                   6
                                                   6
```

AB 2466
Assemblymember Goldsmith
As amended on May 9, 1996
Hearing Date:  June 11, 1996
Civil Code; Code of Civil Procedure
GEH:cb

                expiration of gift certificates
            escheat of unclaimed gift certificates

                         HISTORY

Source:  Author

Related Pending Legislation: None known

Prior Vote:  Assembly Floor: 69 - 0
             Assembly Banking and Finance Committee:  13 - 0

                        KEY ISSUES

1. should retailers be prohibited from selling gift
   certificates which on their face state that they will not
   be honored after a certain date, and should retailers be
   required to honor gift certificates after the expiration
   date?

   a.     is REQUIRING redemption of expired gift
          certificates necessary to prevent windfalls to
          retailers and to satisfy the reasonable expectations
          of gift-givers?

   b.     should the bill be amended to flatly prohibit the
          placement of an expiration date on a gift certificate?

   c.     should the retroactive or prospective operation of
          this provision be expressly stated?


AB 2466 (Goldsmith)
Page 2

Exhibit A
page 1

2. should unclaimed gift certificates be exempted from the
  escheat requirements of the unclaimed property law?

                         PURPOSE

The purpose of this bill is to prohibit retailers from
selling gift certificates which state on their face that
they will not be honored after a certain date, and to
require retailers to honor gift certificates after the gift
certificates have expired.

Expiration of Gift Certificates

Existing law regulates the issuance and redemption of
trading stamps and premium coupons, but there is no
regulation of the issuance and redemption of gift
certificates.

  This bill makes it unlawful to sell a gift certificate
which contains an expiration date, unless the certificate
clearly indicates that it may be redeemed in cash for its
face value or reissued after the expiration date at no cost
to the purchaser or recipient.

The bill also makes it unlawful for any person or entity
who sells a gift certificate with an expiration date to
refuse to redeem or replace the certificate.

The bill provides that a gift certificate sold without an
expiration date is valid continuously except when refunded
or replaced with a new gift certificate.

The bill does  not apply to gift certificates that are
distributed to a consumer for promotional purposes without
any money or other thing of value being given in exchange
for the gift certificate by the consumer.

 Escheat of Gift Certificates

 Existing law, the Unclaimed Property Law (Code of Civil
Procedure ?1500 et seq) contains a number of provision
requiring entities in possession of unclaimed property to
turn over that property to the state, through the State
Controller's office.  Unclaimed property subject to such
requirements is deemed to have been "escheated" to the
state.  The escheat is not permanent (?1501.5); the

AB 2466 (Goldsmith)
Page 3

original owner of the property may file a claim to the
Controller for its return (?1540).

Exhibit A
page 2

Section 1520 provides that tangible personal property and certain types of intangible personal property held on behalf of another by a business escheats to the state if the property has remained unclaimed by the owner for more than three years.  Gift certificates are not expressly mentioned in this section, but the Division of Unclaimed Property of the State Controller's Office reports that gift certificates valued at about $200,000 to $300,000 per year are escheated to the state under this provision.

 This bill exempts gift certificates from the escheat provisions of Code of Civil Procedure ?1520.

COMMENT

1. Requiring gift certificates to be honored after their expiration date

   a)    Does the bill prevent windfalls to retailers and satisfy consumer expectations?

     In 1994, approximately eighteen of the nation's retailers, including Stuards, KMart, Montgomery Ward, Tandy Corporation (Radio Shack), Mervyns, Robinsons/May Company, McDonalds, Denny's, the Wherehouse, Marshalls, Footlocker/Kenney Shoes, Vons and Ticketmaster, were sued in a class action lawsuit in San Diego Superior Court for violating California's Unfair Business Practices Act contained in Business and Professions Code Section 17200 for failing to honor gift certificates after expirations of varying lengths of time.  This lawsuit was settled out of court in 1995 with the result that the above named retailers agreed to add language to their gift certificates stating that the certificates would be honored after any expiration.  According to the author's office, this bill is an attempt to apply a unified law to all gift certificate issuers that were not subject to that settlement.

     The author argues that <u>gift certificates ought to retain all the characteristics of cash itself and remain valid in perpetuity,</u> assuming the continued


AB 2466 (Goldsmith)
Page 4


     existence in business of the retailer who issued the gift certificate.  Consumers Union supports the bill because it believes that:

        Gift-givers do not expect their gifts to expire.  The retailer has already received payment for the value of the certificate. Thus, expired gift certificates dash the

expectation of gift-givers and constitute an
unfair windfall to retailers.

Notwithstanding the presence of no opposition to
this bill, the proponents' arguments are not
self-evident.  Arguably, most purchasers of gift
certificates and those who receive them, do in fact
expect the certificates to expire.  Assuming the
expiration date is prominently displayed on the gift
certificate, both the purchaser and the holder can
read the expiration date, and should understand that
the certificate must be redeemed by that date.  Most
consumers probably understand that commercial paper,
like a personal check, is not precisely the same as
cash, because it must be cashed or redeemed within a
certain period of time.

A legal argument could be made that the retailer
selling the gift certificate does not obtain an
unjustified windfall if the certificate is unredeemed.
 In legal terms, it could be argued that the purchaser
of a gift certificate gives consideration to the
retailer in exchange for receiving the retailer's
promise to accept the certificate as the holder's
payment for goods of a certain value, which is
irrevocable for a specified period of time.  It is the
irrevocability of the promise for the specified time
which is purchased; not the value of the goods for
which the certificate may be redeemed.  Consequently,
once that period of irrevocability expires without the
offer being accepted, the contractual obligation of
the retailer is satisfied, and there is no windfall.
(However, if certificates are interpreted to be
irrevocable promises, they might be deemed to be
options, which are securities which are regulated
under securities laws).

Moreover, retailers are legally prevented from


AB 2466 (Goldsmith)
Page 5


obtaining a windfall, since the value of unclaimed
gift certificates be paid to the State Controller
after three years (see above).  However, the fact that
only 200,000 to 300,000 dollars' worth of certificates
escheats to the Controller annually suggests that this
requirements is honored more often in the breach.

b)     Should the bill be amended to flatly prohibit the
placement of an expiration date on a gift certificate?

Under this bill, retailers would still be allowed
to place expiration dates on gift certificates.  If a
retailer did place an expiration date on a gift

**Exhibit A**
**page 4**

certificate, the certificate would also have to state
that it may be redeemed in cash for its value, or
replaced with a new gift certificate, at any time
after the expiration date at no cost to the purchaser
or holder.

The bill does not impose any requirement about the
relative prominence or placement on the certificate of
the expiration date versus the required disclaimer.
Therefore, a retailer could create a certificate
which, on the front, stated in large bold type that it
expired in one year.  The retailer could then place in
very small type on the back of the gift certificate
the required disclaimer about being able to redeem the
certificate after the expiration date.  The holder of
such a certificate could very well be left with the
impression that they could not redeem the certificate
after the expiration date, which is contrary to the
author's intent.

Amending the bill to address this problem by
imposing requirements about relative prominence and
placement of the different statements would be
cumbersome, and burdensome.  A better solution would
seem to be to amend the bill to simply prohibit the
placement of an expiration date on the certificate.

SHOULD THIS AMENDMENT BE MADE?

AB 2466 (Goldsmith)
Page 6

c)    Retroactivity and prospectivity

The author's intent appears to be that the
provisions of the bill apply retroactively; that is,
as of January 1, 1997 (the effective date of the
bill), retailers would have to honor any expired gift
certificate issued prior to the effective date of the
bill.

If this is the author's intent, an amendment may be
necessary.  Statutes are presumed to apply
prospectively (i.e. they are presumed to not impair
rights a party possessed when it acted, increase its
liability for past conduct, or impose new duties with
respect to transactions already completed), unless the
Legislature clearly evinces its intent that the
statute apply retroactively (See Landgraf v. USI Film
Products (1994) 114 S.Ct. 1483).

**Exhibit A**
**page 5**

should the bill be amended to expressly make this
provision retroactive?

Although retroactive statutes pose due process
concerns, courts generally uphold them against due
process challenges, unless a separate argument can be
made that the statute violates the constitutional
prohibition against impairment of pre-existing
contractual obligations (See Sweet, Annotation,
Retroactive Application Of Federal Legislation As
Violating Due Process Clause Of Federal Constitution's
Fifth Amendment--Supreme Court Cases (1996) 107 L. Ed.
2d 1105).

Although retroactive application of this measure
may be constitutional, the committee may wish to
consider whether it is sound public policy.  If, as
argued above, consumers and retailers both reasonably
expect gift certificates to expire after a specified
time, then retroactive application of this bill would
upset this reasonable expectation.

2. Exempting gift certificates from escheat requirements

There is no necessary connection between the provision in
the bill prohibiting expiration of gift certificates, and
the provision exempting gift certificates from the

AB 2466 (Goldsmith)
Page 7

escheat requirements.  Either of these provisions could
stand without the other.  The escheat was inserted in the
bill in order to remove the opposition of the California
Grocers Association.

The author argues that the state ought not to be
collecting private moneys from retailers derived from
three-year-old, unused gift certificates because those
gift certificates may still be sitting at home in
consumers' desk drawers and available to be redeemed.

Again, although there is no opposition to the bill, the
proponents' arguments do not necessarily hold water.
Perhaps the present three year time limit is too short a
time period.  However, at some point, it seems reasonable
to assume that a gift certificate will not be redeemed,
and that the holder has abandoned his or her claim to
redemption of the certificate.  Allowing retailers to
retain the money received for this abandoned certificate
appears to provide, as a matter of law, the exact type of
windfall which proponents seek to avoid.  This is
especially the case if one accepts the proponents'
arguments that gift certificates are just like cash and

**Exhibit A**
**page 6**

are not merely a contract which expires at a specified
time.

On the other hand, since this bill requires retailers to
cash out or redeem a gift certificate whenever it is
presented, it provides a more convenient method for
holders to make their claim than does presenting a claim
to the State Controller.

INSTEAD of exempting gift certificates from the escheat
requirement, should the bill be amended to modify that
requirement?

Support:        Consumers Union

Opposition:     None known

Prior Legislation: None known

                    **************

Exhibit A
page 7

# EXHIBIT B

BILL ANALYSIS

```
 ------------------------------------------------------------
|SENATE RULES COMMITTEE            |                  SB 250|
|Office of Senate Floor Analyses   |                        |
|1020 N Street, Suite 524          |                        |
|(916) 651-1520         Fax: (916) |                        |
|327-4478                          |                        |
 ------------------------------------------------------------
```

UNFINISHED BUSINESS

Bill No:  SB 250
Author:   Corbett (D), et al
Amended:  8/30/07
Vote:     21


 SENATE JUDICIARY COMMITTEE  : 3-2, 3/27/07
AYES:  Corbett, Kuehl, Steinberg
NOES:  Harman, Ackerman

 SENATE FLOOR  : 24-15, 4/26/07
AYES:  Aanestad, Alquist, Cedillo, Corbett, Correa,
  Ducheny, Florez, Kehoe, Kuehl, Lowenthal, Machado,
  Maldonado, Migden, Oropeza, Padilla, Perata,
  Ridley-Thomas, Romero, Scott, Simitian, Steinberg,
  Torlakson, Vincent, Wiggins
NOES:  Ackerman, Ashburn, Calderon, Cogdill, Cox, Denham,
  Dutton, Harman, Hollingsworth, Margett, McClintock,
  Negrete McLeod, Runner, Wyland, Yee
NO VOTE RECORDED:  Battin

 ASSEMBLY FLOOR  : 52-23, 9/6/07 - See last page for vote


 SUBJECT  :    Gift Cards and Certificates

 SOURCE  :     Author


 DIGEST  :    This bill allows any gift card, as defined, with
a cash value of less than $10 to be redeemed in cash for
its cash value.  This bill deletes from current law
governing gift cards the exemption for food product gift
                                            CONTINUED


                                          SB 250

Exhibit B
page 1

Page

2

cards or certificates.

_Assembly amendments_ (1) reduces from $20 to $10 the cash
value, (2) provides that the bill provisions do not apply
to gift certificates that are issued for perishable food
products, (3) defines "cash" out, excludes from existing
prohibition, donated gift certificates, (4) adds
co-authors, and (5) gives consumers the option to apply
balance to a subscriber wireless telecommunication account.

_ANALYSIS_ :    Existing law provides that "gift certificate"
includes gift cards, but does not include any gift card
usable with multiple sellers of goods or services, provided
that the expiration date, if any, is printed on the card.
This exemption does not apply to a gift card usable only
with affiliated sellers of goods or services.

Existing law provides the following:

1.It is unlawful for any person or entity to sell a gift
  certificate that contains an expiration date or a service
  fee, including, but not limited to a service fee for
  dormancy, except as specified.

2.Any gift certificate sold after January 1, 1997, is
  redeemable in cash for its cash value, or subject to
  replacement with a new gift certificate at no cost to the
  purchaser or holder.

3.A gift certificate sold without an expiration date is
  valid until redeemed or replaced.

Existing law provides that the above provisions do not
apply to the following gift certificates issued on or after
January 1, 1998, if the expiration date appears in capital
letters in at least 10-point font on the gift certificate:

1.Gift certificates issued to a consumer for an awards,
  loyalty, or promotional program without the consumer
  exchanging money or other thing of value for the gift
  certificates.

2.Gift certificates sold below face value at a volume
  discount to employers or nonprofit and charitable

SB 250
Page

3

organizations for fundraising purposes if the expiration
date is not more than 30 days after the date of sale.

**Exhibit B
page 2**

3. Gift certificates issued for a food product perishable
   food products.

Existing law provides that a dormancy fee may be charged on
a gift card, if all of the following criteria are met:

1. The remaining value of the card is five dollars or less
   each time the fee is assessed.

2. The fee does not exceed one dollar per month.

3. There has been no activity on the card for 24 consecutive
   months.

4. The holder may reload or add value to the card,

5. A statement is printed on the card in at least 10-point
   font stating the fee amount, how often the fee will
   occur, that the fee is triggered by card inactivity, and
   at what point the fee will be charged.

Existing law provides that any waiver of the provisions
relating to gift certificates is contrary to public policy,
and is void and unenforceable.

This bill allows any gift certificate (gift card) with a
cash value of less than $10 to be redeemed in cash for its
cash value and deletes the current exemption for food
product gift certificates.

The bill includes gift certificates that are donated among
those that existing law makes exceptions for.

This bill provides that "cash" includes, but is not limited
to, currency or check.  If accepted by both parties an
electronic funds transfer or an application of the balance
to a subscriber's wireless telecommunication account is
permissible.

 FISCAL EFFECT :    Appropriation: No    Fiscal Com.:  No
Local:  No

                                              SB 250
                                              Page
_____
4


 SUPPORT  :   (Verified  9/7/07)

California Public Interest Research Group
Congress of California Seniors
Consumer Action
Consumer Attorneys of California

Consumers Union
Consumer Federation of California

 OPPOSITION  :    (Verified  9/6/07)

California Restaurant Association
CTIA - The Wireless Association
Direct Marketing Association
National Association of Theaters Owners California/Nevada

 ARGUMENTS IN SUPPORT :    According to the author's office,
consumers with small values on their gift cards often
cannot buy anything in the store with the remaining value
on the card, and they cannot get change for the value.
This often leads to the consumer not spending the small
remaining value left on the gift card.  This problem is so
common that in 2006, $8.2 billion in gift cards went
unspent in the United States.

In addition, there is an overly broad exemption for all
"food products."  Originally, this exemption was intended
for only gift certificates whose value was a named
perishable food product such as a turkey.  However, the
wording makes it unclear which retail establishments are
covered under this exemption.

 ARGUMENTS IN OPPOSITION  :   The California Restaurant
Association (CRA) argues that this bill increases the
likelihood of fraud.  The ability to redeem gift card of
less than $10 for cash effectively gives dollar for dollar
cash value to gift cards.  The ability to do so creates
concern regarding the potential unintended consequences of
fraud and susceptibility to theft this bill may have.  Many
gift certificates can be purchased online today.  Any
unscrupulous individual with a stole credit card can easily
translate the credit into cash by purchasing a gift
certificate of less than $10 and simply redeem it for cash.

                                        SB 250
                                        Page
_____
5

 The cash equivalency of those cards, would allow for
another mechanism for criminals to circumvent fraud
protections built into credit cards, give them easy access
to cash.  Gift card, particularly those issued by Visa,
MasterCard and American Express (AXP) are already highly
attractive fraud target.  These and other gift cards are
highly susceptible to theft and fraud.  It is common for
thieves to unscrupulously alter the magstripes of these
gift cards by loading them with stolen account data, and
using them as cash.  An example of this fraud was the
recent data hacking of retain giant TJX where forgers
embedded the stolen data onto the magstirpes of expertly

Exhibit B
page 4

counterfeited credit card.  Giving all gift cards
independent cash value would further encourage unscrupulous
thieves to fraudulently manipulate these cared especially
if they know that cash redemption is easily accessible and
guaranteed.

Of less than $10, many gift certificates sold by
restaurants are purchased by a credit or debit card.  A
restaurant will also incur fees with the credit card
association when the transaction occurs.  Also, many small,
independent restaurants contract out with third party
vendors to handle the preparation, tracking, and redemption
of gift cards or gift certificates from their restaurant
that includes a per certificate or card issuance fee.
Restaurants are willing to incur these upfront costs of the
transaction knowing that it will result in future  revenue.
 Quick service restaurants, including fast food operations
that are both chains and independents, overage gift
certificates amounts of approximately five dollars.  Under
this scenario, a restaurant could issue a gift card of less
than $10, incur the fees associated with the issuance of
the card as described above, and then be forced to pay the
full amount upon redemption, despite the loss of the fees
incurred upfront on the transaction.  By allowing
individuals to redeem gift certificates for cash value
under $10, the restaurant would lose money on gift
certificate transactions purchased by credit card at $10 or
under.

 ASSEMBLY FLOOR   :
AYES:  Aghazarian, Arambula, Bass, Beall, Benoit, Berg,
  Berryhill, Blakeslee, Brownley, Caballero, Charles

SB 250
Page

6

    Calderon, Carter, Coto, Davis, De La Torre, De Leon,
    DeSaulnier, Dymally, Eng, Evans, Feuer, Fuller, Garcia,
    Garrick, Hancock, Hayashi, Hernandez, Huffman, Jones,
    Karnette, Keene, Krekorian, Laird, Leno, Levine, Lieber,
    Lieu, Ma, Mendoza, Mullin, Nava, Portantino, Price,
    Ruskin, Salas, Saldana, Solorio, Soto, Swanson, Torrico,
    Wolk, Nunez
NOES:  Adams, Anderson, Cook, DeVore, Duvall, Gaines,
    Horton, Houston, Huff, Jeffries, La Malfa, Maze,
    Nakanishi, Niello, Parra, Plescia, Sharon Runner, Silva,
    Smyth, Spitzer, Tran, Villines, Walters
NO VOTE RECORDED:  Emmerson, Fuentes, Galgiani, Strickland,
    Vacancy

    RJG:do   9/7/07     Senate Floor Analyses

Exhibit B
page 5

SUPPORT/OPPOSITION:   SEE ABOVE

\*\*\*\*   END   \*\*\*\*

Exhibit B
page 6

# EXHIBIT C

BILL ANALYSIS


SENATE JUDICIARY COMMITTEE
Senator Ellen M. Corbett, Chair
2007-2008 Regular Session


| SB 250 | S |
| Senator Corbett | B |
| As Amended March 22, 2007 | |
| Hearing Date: March 27, 2007 | 2 |
| Civil Code | 5 |
| ADM:rm | 0 |


SUBJECT

Gift Cards and Certificates

DESCRIPTION

This bill would allow any gift card, as defined, with a
cash value of less than $20 to be redeemed in cash for its
cash value.

This bill would delete from current law governing gift
cards the exemption for food product gift cards or
certificates.

(This analysis reflects author's amendments to be offered
in committee.)

BACKGROUND

Over the last few years, gift cards have become
increasingly popular as a means of gift-giving.  Deloitte &
Touche's 21st Anniversary Holiday Survey of retail spending
and trends in 2006, found that gift cards have become the
No. 1 gift choice, with nearly 80% of those surveyed saying
they planned to buy at least one gift card during the
holiday season.  According to the National Retail
Federation, an industry trade association, gift cards were
expected to account for 15-20% of holiday gift sales in
2006.

A retail trade organization estimated that gift card sales
amounted to $82 billion in 2006, with 10% -- $8.2 billion

(more)



SB 250 (Corbett)
Page 2

Exhibit C
page 1

-- of that lost to consumers due to unredeemed value on the
cards, or expiration or loss of the gift card. This means
that, in 2006, approximately $8.2 billion nationwide was
retained by retailers. This bill seeks to give California
consumers the full value of their gift cards by allowing
consumers to redeem for cash gift cards with a cash value
of less than $20.

Current law defines "gift certificate" to include gift
cards, except as specified.

                        CHANGES TO EXISTING LAW

 Existing law  provides that "gift certificate" includes gift
cards, but does not include any gift card usable with
multiple sellers of goods or services, provided that the
expiration date, if any, is printed on the card. This
exemption does not apply to a gift card usable only with
affiliated sellers of goods or services. [Civil Code (CC)
Section 1749.45.]

 Existing law provides the following:
 it is unlawful for any person or entity to sell a gift
  certificate that contains an expiration date or a service
  fee, including, but not limited to a service fee for
  dormancy, except as specified;
 any gift certificate sold after January 1, 1997, is
  redeemable in cash for its cash value, or subject to
  replacement with a new gift certificate at no cost to the
  purchaser or holder; and
 a gift certificate sold without an expiration date is
  valid until redeemed or replaced. [CC Section
  1749.5(a)-(c).]

 Existing law  provides that the above provisions do not
apply to the following gift certificates issued on or after
January 1, 1998, if the expiration date appears in capital
letters in at least 10-point font on the gift certificate:
 gift certificates issued to a consumer for an awards,
  loyalty, or promotional program without the consumer
  exchanging money or other thing of value for the gift
  certificates;
 gift certificates sold below face value at a volume
  discount to employers or nonprofit and charitable

SB 250 (Corbett)
Page 3


  organizations for fundraising purposes if the expiration
  date is not more than 30 days after the date of sale; and
 gift certificates issued for a food product. [CC Section

Exhibit C
page 2

            1749.5(d).]

   Existing law  provides that a dormancy fee may be charged on
   a gift card, if all of the following criteria are met:
the remaining value of the card is $5 or less each time the
   fee is assessed;
the fee does not exceed $1 per month;
there has been no activity on the card for 24 consecutive
   months;
the holder may reload or add value to the card; and
     a statement is printed on the card in at least 10-point
     font stating the fee amount, how often the fee will
     occur, that the fee is triggered by card inactivity, and
     at what point the fee will be charged.  [CC Section
     1749.5(e).]

   Existing law  provides that any waiver of the provisions
relating to gift certificates is contrary to public policy,
and is void and unenforceable.
[CC Section 1749.51.]

   This bill  would allow any gift certificate (gift card) with
a cash value of less than $20 to be redeemed in cash for
its cash value.

   This bill  would delete the current exemption for food
product gift certificates.

                         COMMENT

1.    Stated need for the bill

   The author writes:

   Consumers with small values on their gift cards often
   cannot buy anything in the store with the remaining value
   on the card, and they cannot get change for the value.
   This often leads to the consumer not spending the small
   remaining value left on the gift card.  This problem is
   so common that in 2006, $8.2 billion in gift cards went
   unspent in the United States.

SB 250 (Corbett)
Page 4

   In addition, there is an overly broad exemption for all
   "food products."  Originally, this exemption was intended
   for only gift certificates whose value was a named
   perishable food product such as a turkey.  However, the
   wording makes it unclear which retail establishments are
   covered under this exemption.

2.    This bill would give consumers the full value of gift

**Exhibit C
page 3**

cards with less than $20 on them, and prevent windfall
profits to businesses

This bill would allow any gift card with a cash value of
less than $20 to be redeemed in cash for its cash value.
The author and supporters note that often a consumer
finds him or herself with a gift card with a small amount
of money remaining on the card, the retailer refuses to
redeem the remaining value of the card for cash, and the
consumer ends up forfeiting the remaining value of the
card, unless he or she makes an unnecessary purchase
which would likely involve additional out-of-pocket costs
for the consumer.  The author argues that consumers
should be relieved from this Hobson's choice.  Another
scenario posited by the author and supporters is when a
consumer receives a gift card that he or she cannot use
because they do not have the requisite equipment or
product to go with the card, do not have ready access to
a particular retailer, or do not shop at a particular
retailer.

In the above scenarios, the consumer loses the remaining
value of the card, which remains in the hands of the
business, and thus amounts to a windfall profit for the
business.  This bill would rectify that where a gift card
has a remaining value of less than $20.

3.    Opponent's arguments

Opponent CA Grocers Association (CGA) makes four
arguments in opposition to the bill:

First, CGA argues that the "food product" exemption under
current law should remain in effect, as opposed to being
deleted as SB 250 would do.  CGA argues that the
exemption was put into place to allow retailers to close

SB 250 (Corbett)
Page 5

the books on seasonal promotion transactions, such as
when an employer buys holiday turkey gift certificates
for employees.  The author states that, while she
believes the current exemption for food products is
overly broad -- it could be interpreted to mean any food
product whether perishable or not -- she would consider
proposed amendments to exempt named perishable food
products.

Second, CGA is opposed to the less than $20 threshold for
cash redemption.  CGA argues that this requirement would
"substantially complicate the retailer's accounting
procedures, as the retailer would be forced to anticipate

Exhibit C
page 4

redeeming the certificate for cash as opposed to products or services," and "they will be forced to bear the cost of providing, programming, and accounting for the gift certificate without any net gain."  The author responds that this is a red herring.  When a consumer has paid full value for a gift card, the retailer should be prepared to give the customer the full value of the card, whether in cash, product, or services.  And, under current law, "any gift certificate [gift card] sold after January 1, 1997, is redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder."  Thus, retailers should already be anticipating that a consumer may seek to redeem a gift card for cash, and should have their accounting systems prepared for such eventuality.

Third, CGA argues that some stores provide customers with a gift certificate when they return an item without a receipt, and often these are redeemable for store credit only because the store cannot verify the price paid for the item.  CGA further argues that, if stores are forced to redeem gift cards for cash, stores will likely discontinue store credits and deny returns without a receipt.  CGA has said that its primary concern with merchandise returned without a receipt is related not to individual consumers, but to so-called "organized retail crime" groups where organized theft rings hit retailers, and then resell the stolen merchandise online, at flea/swap markets, fence-owned convenience stores, or small local stores.

SB 250 (Corbett)
Page 6

The author responds that this appears to be more a criminal law enforcement issue, and/or an issue of what policies a store decides to adopt, i.e., with respect to returns, whether to request identification for certain items, or to place certain targeted items in a locked case or behind the cash register.  Additionally, a retailer could provide a customer with something other than a gift certificate, including a cash register receipt or paper entitled "store return credit," to document a return.

Finally, CGA argues that some retailers mail promotional gift certificates to consumers at no cost and, because this bill would allow consumers to redeem for cash gift cards with a value of less than $20, retailers would discontinue promotional gift certificates.  The author responds that this argument is nonsensical because, under current law [CC Section 1749.5(d)], promotional gift

**Exhibit C
page 5**

      certificates are exempted from California's gift
      certificates statutes, and this bill would not alter that
      exemption.

4.    Author's amendments

    On page 2, line 9, delete:

    "or subdivision (e)"

Support:   Consumers Union; CA Public Interest Research
         Group; Consumer Attorneys of CA; Consumer Action

Opposition:   CA Grocers Assoc.

### HISTORY

Source:  Author

Related Pending Legislation:   None Known

Prior State Legislation:   AB 175 (Calderon of 2005) would
                 have enacted the Gift Cards Usable with
                 Multiple Sellers of Goods or Services
                 Disclosure Act, which would have required
                 that a gift card usable with multiple
                 sellers clearly and conspicuously

SB 250 (Corbett)
Page 7

                  disclose its purchase price, any dormancy
                  or regularly recurring maintenance or
                  service fee, and the fee to obtain any
                  remaining value on the card.  The bill
                  would have exempted from the above
                  requirements any card distributed for
                  free, as specified, and prepaid calling
                  cards.  (This bill was withdrawn by the
                  author from hearing in this committee.)

                  AB 656 (Corbett, Chapter 319, Statutes of
                  2004) revised and recast the provisions
                  applicable to gift certificate refunds
                  when a gift certificate recipient does
                  not redeem the gift certificate within a
                  specified time.

                  AB 2090 (Liu of 2004) would have deleted
                  the dormancy provisions of CC Section
                  1749.5, and would have thereby prohibited
                  dormancy fees on gift certificates.
                  (This bill was never heard in a policy
                  committee.)

**Exhibit C
page 6**

AB 1092 (Harman, Chapter 116, Statutes of 2003), among other things:  generally prohibited the sale of gift certificates that contain services fees; allowed dormancy fees under specified circumstances; and defined "gift certificate" to include "gift card."

Prior Federal Legislation:  S. 2969 (Fair Gift Card Act of 2004) would have made it unlawful for any person to impose a dormancy fee, inactivity charge or fee, or a service fee on a gift certificate, store gift card, or general-use prepaid card. Certain exemptions and penalty violations would have applied.  (This bill was referred to the Committee on Banking, Housing, and Urban Affairs; it did not move out of that committee.)

H.R. 85 (Gift Card Protection Act of

SB 250 (Corbett)
Page 8

2005) would have required the Fair Trade Commission to promulgate a rule providing that it would be an unfair or deceptive act or practice for gift certificates to have an expiration date, service charges, or dormancy fees.  (This bill was referred to the Subcommittee on Commerce, Trade and Consumer Protection; it did move out of that committee.)

**************

Exhibit C
page 7

Exhibit C
page 8