# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA RUDD,<br><br>                Plaintiff,<br>vs.<br>BORDERS, INC.,<br><br>                Defendant. | CASE NO. 09cv832 BTM (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Borders, Inc. moves to dismiss Plaintiff Amanda Rudd's ("Rudd") Complaint for a lack or subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for a failure to state a claim under Rule 12(b)(6). For the reasons explained below, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

## I. BACKGROUND

On March 19, 2009, Plaintiff filed a Complaint against Borders in California Superior Court. Plaintiff's Complaint alleges that she received a Borders gift card as a gift within four years preceding the date she filed her Complaint. (Compl. ¶ 5.) Plaintiff claims that her gift card provided that it was "not returnable or redeemable for cash." (Compl. ¶ 4.) Plaintiff asserts that she desired to redeem her gift card for cash. (Compl. ¶ 5.) Plaintiff allegedly still wishes to redeem her gift card for cash. (Id.)

Plaintiff filed her Complaint as a class action on behalf of herself and others who received a Borders gift card not redeemable for cash. (Compl. ¶ 7.) Plaintiff's Complaint brings two causes of action. First, she argues that Defendant violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), by engaging in unfair, deceptive, or unlawful conduct. (Compl. ¶ 16.) Specifically, Plaintiff claims that Defendant unlawfully violated California Civil Code § 1749.5. (Compl. ¶ 17.) Second, Rudd contends that Borders has been unjustly enriched by its allegedly unfair and unlawful practice of refusing cash redemptions on unused card balances, the result of which is that the funds revert to Borders. (Compl. ¶ 23.)

On April 21, 2009, Borders removed this case to federal court and filed the instant Motion to Dismiss.

## II. **STANDARD OF REVIEW**

Defendant argues that the Court must dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in the plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

## III. DISCUSSION

A.  First Cause of Action: Violation of California's Unfair Competition Law

Plaintiff brings her first cause of action pursuant to California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq* (the "UCL"). In order to state a claim under California's UCL, a Plaintiff must allege that Defendant engaged in an "unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Virtually any law- federal, state or local - can serve as a predicate for an action" under Section 17200. Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 718 (2001). Thus, Section 17200 permits the "borrowing" of violations under other state and federal laws and treats these violations as independently actionable unlawful practices. Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). If a plaintiff cannot state a claim under the predicate law, however, her Section 17200 claim also fails. See Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.") (quotations omitted); Rubio v. Capital One Bank (USA), N.A., 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008) (dismissing plaintiff's UCL claim because her predicate claim also failed).

The Court agrees with Defendant that Plaintiff has not sufficiently pled a claim for relief. Borders properly argues that Plaintiff's UCL cause of action hinges on Defendant's violation of Cal. Civ. Code § 1749.5(b)(1). Plaintiff claims that Section 1749.5(b)(1) requires retailers to permit customers to redeem their gift certificates or gift cards for cash.[1] Thus, Plaintiff argues, Defendant's refusal to redeem her Borders gift card for cash unlawfully denied her money to which she has a cognizable claim and invaded her legal rights under state law. If, however, Section 1749.5(b)(1) does not require Borders to redeem Plaintiff's gift card for cash, Plaintiff has failed to state a viable claim.

Section 1749.5(b)(1) provides that:

---

[1] Plaintiff and Defendant do not dispute that Section 1749.5 covers both gift certificates and gift cards.

> Any gift certificate sold after January 1, 1997 is redeemable in cash for its cash value, *or* subject to replacement with a new gift certificate at no cost to the purchaser or holder. Id. (emphasis added).

Plaintiff argues that this provision affords the *owner* of the gift card the option of redeeming her card in cash for its cash value, or replacing the gift card with a new one. Defendant counters that only the *retailer* has the option of choosing whether to redeem a gift card for cash or provide a new card to the customer. The Court agrees with Defendant.

Defendant cites a recent decision in a very similar case from this district, Marilao v. McDonald's Corp., 632 F. Supp. 2d 1008 (S.D. Cal. 2009). The Court finds Marilao's reasoning persuasive. In Marilao, the plaintiff sued McDonald's Corporation, bringing the same causes of action as Rudd. See id. Marilao similarly desired to redeem his McDonald's gift card for cash.[2] He claimed that McDonald's refusal to "cash out" his gift card violated the UCL, by way of Section 1749.5(b)(1). Marilao also brought a claim for unjust enrichment. As here, the plaintiff argued that Section 1749.5(b)(1) allowed him to demand the full cash value of his gift card from the retailer.

Marilao relied upon California Civil Code §1448 to find that the plaintiff failed to plead a violation of Section 1749.5(b)(1). Section 1448 defines a "Right of Selection" in the performance of obligations under California's Civil Code. Section 1448 states:

> If an obligation requires the performance of one of two acts, in the alternative, the party required to perform has the right of selection, unless it is otherwise provided by the terms of the obligation.

Marilao held, and this Court agrees, that Section 1749.5 requires the performance of one of two acts. Specifically, when presented with a gift card or gift certificate sold after January 1, 1997, the retailer must either redeem the card in cash for its cash value *or* replace the card at no cost to the purchaser or holder. Thus, because the retailer is obligated to perform, under Section 1448 the retailer has the right to select whether it will redeem the gift card for cash value or replace the card with a new one. Although Plaintiff contends that applying Section 1448 to interpret Section 1749.5(b)(1) results in a "butchered reading" of

---

[2] Marilao, like Rudd, did not allege the value of his gift card. Borders contends that Rudd's gift card had a value of $20 as of March 17, 2009. (Spouts Decl. ¶ 4(c).)

the latter provision, Plaintiff does not offer any authority to support her argument that the Court should disregard the plain import of Section 1448.

The legislative history of Section 1749.5 supports the Court's interpretation of the statute. Borders cites the Legislative Counsel's Opinion 1488, which responded to questions regarding the interpretation of Section 1749.5 as it existed in 1997.[3] The Legislative Counsel concluded:

> [Section 1749.5] imposes an obligation on a merchant or other issuer of a gift certificate to continuously honor the gift certificate. This obligation may be met by the merchant or other issuer by redeeming the certificate in cash for its cash value *or* by replacing it with a new gift certificate at no cost to the purchaser or holder. . . We do not think the Legislature intended to give a purchaser or holder of a gift certificate the ability to automatically receive cash upon presentation of the certificate. Such a construction would effectively render meaningless the concept of a gift certificate, since it could be redeemed in cash at any time after purchase. (Def.'s RJN, Ex. A at 30 (emphasis added).)

Plaintiff's citations to the legislative history do not support a different interpretation of Section 1749.5(b)(1). The 1995–1996 Bill Analysis for AB 2466 states that the bill would "require[ ] retailers to cash out *or* redeem a gift certificate whenever it is presented." (Pl.'s RJN, Ex. A at 7 (emphasis added).) Furthermore, the 2007–2008 Bill Analysis for SB 250 provides that "[w]hen a consumer has paid full value for a gift card, the retailer should be prepared to give the customer the full value of the card, whether in cash, product, *or* services." (Pl.'s RJN, Ex. C at 5 (emphasis added).) Thus, the legislature clearly understood Section 1749.5 to provide consumers the right to the cash value of their gift card, its value in goods, *or* a replacement card, at the option of the retailer.

The Court agrees with Borders that recent amendments to Section 1749.5 only confirm that Section 1749.5(b)(1) was not intended to give consumers the unilateral right to cash out their gift cards. In 2007, the legislature amended Section 1749.5 to add paragraph (b)(2), which provides that "[n]otwithstanding paragraph [b](1), any gift certificate with a cash

---

[3] At that time, the present provision (b)(1) of Section 1749.5 was incorporated in paragraph (a). Section 1749.5(a) provided, "[o]n or after January 1, 1997, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date. Any gift certificate sold after that date shall be redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder." Cal. Civ. Code §1749.5(a) (1998).

value of less than ten dollars ($10) is redeemable in cash for its cash value."  As Defendant argues, paragraph (b)(2) would be superfluous if paragraph (b)(1) entitled customers with a gift certificate of *any* value to always redeem for cash.  The Court finds incorrect Plaintiff's argument that the legislature added paragraph (b)(2) solely to allow owners of promotional and rebate cards with small balances to redeem their cards for a cash value of less than ten dollars.  Paragraph (d) of Section 1749.5 specifically excludes from coverage of the section gift certificates distributed pursuant to an "awards, loyalty, or promotional program."

For the reasons discussed above, the Court holds that Plaintiff has no legal right to redeem her Borders gift card for its cash value.  Plaintiff does not claim that her card value was less than ten dollars.  Thus, she had no right to cash out her card under paragraph (b)(2).  As a result, Defendant did not violate Section 1749.5 and Plaintiff fails to state a claim upon which relief may be granted.  Therefore, the Court **GRANTS** Defendant's Motion to Dismiss as it applies to Plaintiff's first cause of action.

B.  Second Cause of Action: Unjust Enrichment

Plaintiff also claims that "[h]aving been paid fully for the Gift Cards at the initial point of sale, Borders is unjustly enriched by its unfair and unlawful practice of refusing cash redemptions on unused card balances, the result of which is that additional funds on unused cards simply revert to Borders." (Compl. ¶ 22.)  As a remedy, Plaintiff "seeks restitution and an injunction against Borders, requiring it to change its national policy and allow cash redemptions on its purchased Gift Cards, together with partial balances thereon." (Compl. ¶ 23.)

To state a claim for unjust enrichment, a plaintiff must allege "the receipt of a benefit and unjust retention of the benefit at the expense of another."  Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000).  Plaintiff has not sufficiently pleaded a claim for unjust enrichment.  Borders's practice of refusing cash redemptions on card balances over ten dollars is not unlawful or unfair.  Thus, Borders has not retained a benefit at the expense of another.  Plaintiff remains free to use her card to purchase goods at Borders or its affiliated

stores. If Plaintiff retains a partial balance on her card of less than ten dollars, Borders must redeem her card in cash at her request. As Marilao noted, "[t]here is no equitable reason for invoking restitution when the plaintiff gets the exchange which [she] expected." 632 F. Supp. 2d at 1013 (quoting Comet Theatre Enterprises, Inc. v. Cartwright, 195 F.3d 80, 83 (9th Cir. 1952)). Therefore, the Court **GRANTS** Defendant's Motion to Dismiss as it applies to Plaintiff's second cause of action.

As noted above, when a customer requests to exchange a gift card that exceeds $10 in value, the retailer can choose whether to exchange the card for cash or for a new card. The retailer makes this choice when a customer presents the gift card for exchange. Plaintiff, however, only alleges that she *desired* to exchange her card for cash. (Compl. ¶ 5.) She does not allege that she ever presented her gift card to Borders for exchange. Therefore, even if Plaintiff could state a cause of action, she has no standing because she has not alleged injury by any action of Borders.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motion to Dismiss in its entirety without prejudice. Plaintiff may file an amended complaint within twenty days of the entry of this Order. If Plaintiff fails to files an amended complaint, the Court will direct the Clerk to enter judgment dismissing this case without prejudice.

**IT IS SO ORDERED.**

DATED: November 24, 2009

Honorable Barry Ted Moskowitz
United States District Judge